THE ST. LOUIS MUTUAL LIFE INSURANCE COMPANY, *Plaintiff in Error*, v. CRAVENS.

1. **Judgment as Evidence in favor of a Stranger.** A judgment by default may be regarded as a solemn admission or judicial declaration of the fact by the parties, and as such is receivable in evidence against them and in favor of a stranger.

2. **Conveyance to Wife in Fraud of Husband's Creditors.** A husband, for the purpose of defrauding his creditors, caused land bought with his money to be conveyed to his wife. He and she then joined in a conveyance to a trustee for the benefit of one of his creditors. Subsequently another of his creditors caused his interest in the land to be taken in execution, and became the purchaser at the execution sale. In a contest between this purchaser and a purchaser at a sale made by the trustee in pursuance of the provisions of the deed of trust, *Held*, that the latter had the better title and superior equity. The fact that the legal title was put in the wife in fraud of the husband's creditors could not destroy the legal effect of the deed of trust in passing the husband's interest in the land.

*Error to Jackson Circuit Court.*—HON. S. H. WOODSON, Judge.

*J. E. Havens* for plaintiff in error.

The decree was admissible as the admission of Maloney and wife. *Corwin v. Walton* 18 Mo. 71 ; *Ellis v. Jameson*, 17 Me. 235 ; *Cragin v. Carleton*, 21 Me. 492 ; *Witmer v. Schlatter*, 2 Rawle (Pa.) 362. It was also admissible to show its legal consequences, and establish a missing link in the chain of plaintiff's title, viz. : the fact that Maloney purchased the land in question with his own money, and placed the title in his wife, Cornelia, for the purpose of defrauding his creditors. *Jones v. Talbot*, 9 Mo. 121 ; *Archer v. Bacon*, 12 Mo. 156 ; *Walsh v. Agnew*, 12 Mo. 526 ; *Cravens v. Jamison*, 59 Mo. 69 ; *Barr v. Gratz*, 4 Wheaton 213 ; *Jackson v. Woods*, 3 Wend. 34 ; *Den ex dem. Sharp v. Hamilton*, 7 Halstead (12 N. J. Law) 109 ; *Turpin v. Brannon*, 3 McCord (S. C. Law) 267.

*Karnes & Ess* for defendants in error.

The recital of the decree rendered in the case of *Cravens v. Jamison*, was improperly admitted in evidence ; 1st, because the plaintiff, who offered it in evidence, was a stranger to it ; judgments and decrees are admissible only as estoppels, and as the plaintiff would not be estopped by it, for want of mutuality, so it cannot use it in its own behalf. Sarkie on Ev., (9 Ed.) 287 *et seq* ; 316 *et seq*. Both the litigants must be concluded, or the proceedings cannot be set up as conclusive upon either. 1 Greenl. on Ev., (12 Ed.) § 524 ; *Hurst v. McNeil*, 1 Wash. C. C. 70 ; *Baring v. Fanning*, 1 Paine 549 ; *Cravens v. Jamison*, 59 Mo. 73. 2nd, it was inadmissible on the theory of its being an admission. *Boatmans' Savings Institution v. Holland*, 38 Mo. 49 ; *Cromwell v. Sac County*, 94 U. S. 356.

NORTON, J.—This is a bill in equity to divest the title out of defendants and vest it in plaintiff, with a count at law asking for the possession of the premises. It is alleged

in the bill that defendant, Allen, conveyed by three deeds to defendant, Cornelia A Maloney, the thirteen acres of land in controversy; the first deed dated March 17th, 1866, conveying three acres; the second dated November 10th, 1866, conveying five acres; and the third dated March 27th, 1867; that these deeds were recorded in the recorder's office of Jackson county, that being the county where the land is situated, on April 9th, 1867, November 14th, 1866 and October 5th, 1867. It is alleged that said land was bought by J. C. F. Maloney, the husband of said Cornelia, of said Allen, and the sum of $1,650 was paid by him therefor out of his own money, no part of it being the money of said Cornelia; that the said J. C. F. Maloney was at the time of this purchase insolvent, and caused the said Allen to convey the land by the deeds above mentioned to his wife, Cornelia, for the purpose and with the intent to hinder, delay and defraud his creditors. It is further alleged that defendant, J. C. F. Maloney, being indebted to plaintiff in the sum of $2,200, on the 14th day of December, 1867, in conjunction with the said Cornelia, executed a deed of trust conveying all the said land to William C. Jamison, as trustee, to secure such indebtedness, evidenced by a promissory note executed by said J. C. F. and Cornelia to J. S. Miller, agent of plaintiff, payable five years after date; which note was, by said Miller, assigned to plaintiff; that said deed was filed for record in the recorder's office of Jackson county on the 17th day of December, 1867; that defendant, John K. Cravens, with full knowledge of the plaintiff's rights and equities, filed, in 1871, in the office of the clerk of the circuit court of Jackson county, a transcript of a judgment in his favor for the sum of $70, obtained before a justice of the peace, on which an execution was issued on the 16th day of March, 1871, by virtue of which the sheriff of said county sold all the right and title of said J. C. F. Maloney to the property in controversy to said Cravens for the sum of $156, and executed to him a deed therefor, dated June 1st, 1872.

It is further alleged that on the maturity of the note to secure which the deed of trust dated December 14th, 1867, was executed, Jamison, the trustee, at the request of plaintiff, the holder of said note, sold said land, on the 9th day of April, 1873, in conformity to the requirements of the deed of trust, to plaintiff, for the sum of $1,000, and conveyed the same by deed of that date.

Plaintiff, on these facts, prays the court for a decree divesting all the right, title and interest of defendants in said land out of them, and vesting the same in plaintiff. The petition also contains a count asking for the delivery of the possession of the premises.

Defendants, in their answer, deny all the averments of the petition, except that they admit the purchase of the property by Cravens in 1871, only denying that he bought with any knowledge of the rights or equities of plaintiff.

On trial of the cause plaintiff's petition was dismissed and judgment rendered for defendants. We are asked to review this action of the trial court, on the ground that it was against the law and evidence.

Plaintiff offered in evidence the deed of trust, dated December 14th 1867, made by J. C. F. and Cornelia Maloney conveying to Jamison the land in question to secure the payment to plaintiff of the note mentioned in the petition; and also a deed from said Jamison, dated April 9th, 1873, conveying the interest of said J. C. F. Maloney in said land to plaintiff. Plaintiff next offered in evidence a decree of the Jackson circuit court rendered in 1872, in the case of *John K. Cravens, plaintiff, against J. C. F. and Cornelia Maloney and Wm. P. Allen*. This decree, which is of great length, substantially states that the default of defendants heretofore taken be made final, and that the allegations in plaintiff's petition stand confessed; that defendant, J. C. F. Maloney, on the 1st day of March, 1866, was largely indebted and insolvent; that he purchased the property of Allen in the three deeds mentioned in the petition conveying the land to Mrs. Maloney; that he caused

the said land to be conveyed to his wife for the purpose of hindering, delaying and defrauding his creditors; that said deeds from Allen to Mrs. Maloney were fraudulent and void as to creditors; and that all the right, title and interest of J. C. F. Maloney, in the land purchased by him of said Allen, be vested in plaintiff, by virtue of a purchase made by plaintiff of the interest of said Maloney at sheriff's sale in 1871. Plaintiff also offered in evidence the statements of defendant Cravens as preserved in a bill of exceptions, taken in a case wherein Cravens was plaintiff and W. C. Jamison and others were defendants, as follows: "About the time I obtained judgment against Maloney, Mr. Karnes told me of the defect in the acknowledgment of the deed of trust made by Maloney and wife to Jamison, and suggested that I sell Maloney's interest in the land, which I did, and took the sheriff's deed. No agreement was ever made by me with Maloney to favor him in any way if this deed was set aside; had a general understanding with him that he might redeem the property by paying something like a thousand dollars, in a year or two, but there was nothing in writing." It was admitted on the trial that defendant was in possession of the land. All the above evidence was admitted on the trial over the objections of defendant.

The above was all the evidence, and with it before the court, we are at a loss to perceive on what ground the bill was dismissed and judgment rendered for defendant. It is, however, claimed by counsel in support of the judgment, that the evidence received was inadmissible, especially that relating to the decree, and that, therefore, the judgment was rightful. No objection being urged here by counsel to any other evidence received, except the decree, we will confine our investigations to it.

It is insisted that the decree was not proper evidence, because the plaintiff in this suit was not a party to the

1. JUDGMENT AS EVIDENCE IN FAVOR OF A STRANGER. suit in which the decree was rendered. It may be conceded that when a judgment is offered in evidence, " both the litigants must be alike concluded, or the proceedings cannot be set up as conclusive against either." 1 Greenl. Ev., § 524. While this is an established principle, it is also settled that the verdict and judgment in any case are always admissible to prove the fact that the judgment was rendered or the verdict given. It is conclusive evidence of the fact of the rendition of the judgment, and all the legal consequences resulting from that fact, whoever may be the parties to the suit in which it is offered. 1 Greenl. Ev., § 538. A record may also be admitted as evidence in favor of a stranger as containing a solemn admission or judicial declaration by such party in regard to a certain fact. But in that case it is admitted, not as a judgment, but as the deliberate declaration or admission of the party that the fact was so. It is, therefore, to be treated according to the principles governing such admissions, to which class it properly belongs. Thus, when a carrier brought trover against a person to whom he had delivered the goods entrusted to him, and which were lost, the record in this suit was held admissible for the owner, in a subsequent action brought by him against the carrier, as amounting to a confession in a court of record that he had the plaintiff's goods. So where two had been sued as partners, and suffered judgment by default, the record was held competent evidence of an admission of the partnership in a subsequent action brought by a third person against them as partners. 1 Greenl. Ev., §§ 27, 527, 205. In the case of *Parsons v. Copeland*, 33 Me. 370, it was held by Shepley, J., " that the allegations in a former suit, in which the present defendant had recovered judgment as plaintiff, may be used as evidence of his admissions, although the present plaintiff was neither a party nor privy to such suit." The case at bar is much stronger than the above, for here all the defendants against whom the record was offered were parties, either as plaintiff

or defendants, to the suit in which the judgment was rendered. We are, therefore, of opinion that the decree read on the trial was properly received as evidence.

Under this evidence, as intimated by this court in the case of *Cravens v. Jamison et al.*, 59 Mo. 69, where another branch of this case was before the court, we cannot perceive how the title of plaintiff, whether derived from husband or wife, or from both, can be regarded as in any way subjected to the defendants' claim. The deed of trust executed by Maloney and wife, on the 14th day of December, 1867, to secure the note of $2,200, passed all the title which both or either of them had in the land in controversy, and created a valid and subsisting lien thereon; and whatever title was acquired by Cravens, by virtue of the sale made under an execution, which issued in 1871, on a transcript of judgment obtained by him before a justice of the peace in 1870, was held in subordination to plaintiff's lien. The fact that, at and prior to the execution of said deed of trust, the legal title to the land conveyed by it was in the wife, and so appeared of record, and the fact that such title had been conveyed to the wife, at the instance of the husband, (the land having been bought and paid for by him,) for the fraudulent purpose of defeating his creditors in the collection of their debts, could not destroy the legal effect of the deed of trust in passing the husband's interest in the land. Its only effect would be to render the conveyance to the wife void as to creditors, and subject the land to the payment of the husband's debts. Taking the fact to be as alleged by Cravens in the proceeding on which the judgment by default read in evidence was obtained, that the title to the land in dispute was placed in Mrs. Maloney, by her husband, to defraud his creditors, the deed executed by Jamison, the trustee, in pursuance of a sale made under the deed of trust conveying the husband's interest in the land, relating back as it did to the 14th day of December, 1867, conferred upon plaintiff a better title

<div style="margin-left:2em">2. CONVEYANCE TO WIFE IN FRAUD OF HUSBAND'S CREDITORS.</div>

and superior equity, than was conferred upon Cravens by virtue of the sheriff's deed executed in 1871, made by reason of a sale under an execution which issued upon the transcript of a judgment which only operated as a lien from the time the transcript was filed in the office of the circuit clerk in Jackson county, in 1870 or 1871. Judgment reversed and cause remanded. All concur.

REVERSED.