SUPREME COUNCIL LEGION OF HONOR, v. GUY R. RENICK, Respondent, ANNA R. NIDELET et al., Appellants.

**St. Louis Court of Appeals, October 23, 1900.**

1. **Costs:** COSTS IN EQUITY CASES: THEIR TAXATION WITHIN THE SOUND DISCRETION OF THE COURT. The rule has always been that in equity cases, the taxation of costs is within the sound discretion of the court.

2. ———: ———: INTERPLEADER, NOT LIABLE WHEN. The facts justify the presumption that interpleader acted in good faith for his ward; and in equity ought not to be taxed with the costs of the proceeding, but that the successful claimant should pay the costs out of the trust fund, which she is directed to do.

Appeal from the St. Louis City Circuit Court.—*Hon. William Zachritz,* Judge.

MOTION SUSTAINED AND COSTS TAXED AGAINST CLAIMANT.

No briefs furnished.

BLAND, P. J.—Guy R. Renick and Anna R. Nidelet were opposing claimants to a life insurance fund. The In-

surance Company paid the fund into court and prayed that the claimants be required to interplead therefor. The order of interplea was made by the court. Guy Renick was a minor, having for his curator the husband of Anna R. Nidelet. Richardson, public administrator, petitioned the probate court to remove Mrs. Nidelet's husband as curator of Renick and asked that the curatorship of Renick be placed under his charge. This was done, and he as such curator filed an interplea in the circuit court, claiming the insurance fund for his ward. He succeeded in the circuit court. On appeal to this court the judgment of the circuit court was reversed and the circuit court was directed to adjudge the fund to Mrs. Nidelet. Costs of this court were taxed against Richardson, and an execution has been issud from the circuit court for the collection of all the costs. Richardson files his motion in this court to quash the execution and to retax the costs. The motion to quash the execution is addressed to the wrong tribunal. It should have been addressed to the court from which it issued. But this court may retax costs which accrued here. The statute (R. S. 1899, sec. 557), provides that, "a guardian or next friend of an infant who commences or prosecutes a suit shall be responsible for the costs." If this section is controlling in a proceeding by interplea, then the taxation of the costs is not within the discretion of the court. Hecht v. Heimann, 81 Mo. App. 370 (which is, however, incorrectly reported, as the word *not* is omitted in the second line of the first head note between the words "are" and "left," and is also omitted between the same words in the body of the opinion in the tenth line from bottom of page 372.) But we do not think this section of the statute was intended to apply in suits other than actions at law. The rule has always been that in equity cases the taxation of costs is within the sound discretion of the court. The legislature has not abrogated this general rule and we do not think it intended to interfere

with it in equitable suits prosecuted for the benefit of infants. To so construe the statute would be to make the legislature single out a particular class of persons—the weaker one too—and apply to them a rule harsh in its provisions, from which all other persons are exempt. The facts justify the presumption that Richardson acted in good faith, and that for the protection of his ward he prosecuted what he believed to be a meritorious claim. In such circumstances it would be a hardship to tax him with the costs. The proceeding was in equity, and we may exercise our discretion as to the taxation of the costs. A sound exercise of that discretion we think warrants us in sustaining the motion as to all costs and to tax them to Anna R. Nidelet, the successful claimant of the fund, and it is so ordered. All concur.