J. M. GROOMS, Respondent, v. JOSEPH MULLETT et al., Appellants.

Kansas City Court of Appeals, October 5, 1908.

1. MORTGAGES: Sale by Trustee: Surety's Request. On the facts in the record it is held immaterial whether a trustee sold on the request of the owner of the secured note or on the request of the surety thereof, especially since the objecting party is not seeking to set the sale aside.

2. ――――: ――――: Credit: Estoppel. One having taken credit for a part of the proceeds of a trustee's sale will not be allowed to impeach its irregularity since he cannot receive the benefit of a transaction and at the same time repudiate it.

3. ――――: ――――: Proceeds: Owner of Fee. The person vested with the legal title subject to the deed of trust is entitled to the surplus proceeds after the discharge of the trust.

4. APPELLATE PRACTICE: Appeal: Objection. Where there is no appeal from a judgment the appellate court cannot consider objections thereto.

Appeal from Cooper Circuit Court.—*Hon. William H. Martin,* Judge.

REVERSED (*with directions*).

*John & J. W. Cosgrove* for appellant.

(1) The sale by Waller, trustee, transferred the legal title from Paxton and wife to defendant Mullett, whether the sale was regular or not. Schanewerk v. Hoberecht, 117 Mo. 28; Bldg. & Inv. Co. v. Dunsworth, 146 Mo. 370; Long v. Long, 141 Mo. 367; Hume v. Hopkins, 140 Mo. 73. (2) The fact that defendant, S. J. Oswald, paid seventy-five cents to E. V. Mullett —half of the price of recording the deed of trust to

Waller, trustee, and after sale thereunder accepted the benefit of the payment of a part of the proceeds arising therefrom upon the $750 note, is a complete waiver of want of authority in Waller, trustee, to make said sale, and Oswald is estopped. Reynolds v. Kroff, 144 Mo. 446; Akins v. Bank, 63 Mo. App. 320.

*W. G. & G. T. Pendleton* for respondent.

(1) By the plain terms of the second deed of trust, the trustee, Waller, was not empowered to sell, upon the request of Joseph Mullett, one of the sureties who had paid a debt for which he was surety, but he could only execute the power in strict conformance to its terms; that is to say, only at the request of the legal holders of the notes. And, hence, that the irregular sale and conveyance to Mullett transferred to him only the legal title as against the co-beneficiary, Oswald, and left the equities of the two beneficiaries open the same as before the sale. (2) If the agreement was in truth made between Paxton, Mullett and Oswald, for the giving of the second deed of trust by Paxton to secure Mullett and Oswald as sureties on the $750 note, as alleged in Oswald's interplea, which is supported strongly by the evidence, and found by the court in its judgment, then the insertion of the $600 note in the mortgage security, as done by Paxton and Mullett without Oswald's knowledge or consent, was a violation of said agreement, constructively a fraud upon Oswald's rights in the security, and should be repudiated in equity in this controversy between the sureties on the $750 note, which note alone, by that agreement, was entitled to the benefit of the second mortgage indemnity.

BROADDUS, P. J.—This is a suit to adjudicate the conflicting claims of Joseph Mullett and S. J. Oswald to a certain fund in the hands of the plaintiff, J. M. Grooms. The undisputed facts are as follows:

On the 30th day of December, 1905, Franklin Paxton and his wife, Nellie, conveyed to plaintiff, as trustee, certain real estate in Cooper county, to secure the payment of their note to the Cooper County Bank, for the sum of $1,400 due in twelve months thereafter. On the same day, the Paxtons conveyed said realty to J. A. Waller, as trustee, for the benefit of the interpleaders, Oswald and Mullett, who were their securities to the said bank on a promissory note for the sum of $750, due also in twelve months, and also to secure the said Mullett as their security on a note for $600 payable to Philip Bergmann, due in twelve months. The conveyance to the bank being first recorded, the parties concede that it created the prior lien on the property. Some time after the deed of trust to the bank became due, the plaintiff Grooms, as trustee, made a sale of the property to satisfy the debt to the bank, the Paxtons having failed to make payment. At this sale, Mullett was the purchaser and paid to the trustee the purchase price. The proceeds of the sale, after satisfying the debt and costs, left in the trustee's hands a surplus of $705.14. However, prior to said sale, Waller, the trustee in the second deed of trust, foreclosed same by sale of the property and Mullett became the purchaser, subject to the prior deed of trust, for the sum of $250, which he paid to the trustee, one-half of which was applied on the $750 note and the other half on the $600 note. The residue of the former note was paid by the interpleaders in equal proportion.

The interpleader Oswald claimed and introduced evidence to sustain his claim that at the time he and Mullett went the security of the Paxtons on said $750 note, it was agreed that the latter would give them a second deed of trust on said realty to indemnify them as such securities; and that Mullett when he had the deed prepared provided therein for indemnity to himself

as security on the note to Bergmann; that this was
done without his knowledge, and that it was a fraud
upon his rights, as the equity of redemption in the land
was not sufficient security for the payment of both
notes. Mullett denies the statements of Oswald and
says that there was no such agreement. But, as the
court found for Oswald on that issue, and, as there was
ample evidence to support the finding, we will accept
such finding as conclusive of the question.

Oswald also attacks the sale under the second deed
of trust as irregular, for the reason that it was not
made by the trustee at the request of the holder of
the note, but at the request of Mullett. The deed of
trust provides that the sale shall be made at the re-
quest of the holder of the note; but, as the bank was
not a party to the deed, it had no interest in the matter,
and was not likely to make such request except as a
mere matter of compliance with the wishes of the bene-
ficiaries. We do not consider it a matter of importance,
for the reason that Oswald does not seek to set aside
the sale, nor, as for that matter, does he seek to have
the trust deed reformed so as to cut out that part
providing for indemnity to Mullett as security on the
$600 note to Bergmann. He asks only that the latter be
postponed in favor of the indemnity to himself and
Mullett on the $750 note. And the court so decreed.

The finding of the court that Mullett paid one-half
of the sum realized by the sale made by Waller, the
trustee on said note, is contrary to the agreed admis-
sion of the parties at the trial. The agreement was as
follows: "It is agreed by the respective parties by their
attorneys, that out of the amount received by J. A.
Waller from Joseph Mullett for the purchase price of
said real estate by Mullett from said Waller as trustee,
the sum of $127.63 was paid over by said Waller to
the Cooper County Bank on the $750 note, on the 29th
day of May, 1907, and that the balance of said note,

to-wit., $655.70, was paid by Joseph Mullett and S. J. Oswald, each paying one-half of such balance." According to this agreement, Oswald received credit for one-half of said amount, and he approved of the sale by so doing and in afterwards paying one-half of the note less the credit of the full amount of the payment made by the trustee Waller. And he did this with full knowledge of all the facts which he sets up as a basis for relief. The law is, that a party will not be allowed to receive the benefit of a transaction and then repudiate it. Having once taken credit for a part of the proceeds of the trustee's sale, Oswald will not be allowed to impeach it for irregularity. He is estopped from denying the validity of the deed of trust and the regularity of the foreclosure thereunder by the trustee.

As the trustee's deed vested in Mullett the legal title to the property, he became the owner of the fee, subject to the prior lien. [Hume v. Hopkins, 140 Mo. 65; Schanewerk v. Hoberecht, 117 Mo. 22.] And, as such owner, he was entitled to surplus proceeds realized from the sale under the first mortgage.

The appellant makes objection to the action of the court in allowing plaintiff, as part of his cost, an attorney's fee. As there was no appeal from the judgment in that case, we cannot consider the objections. Besides, he was entitled to the allowance. [Woodmen of the World v. Wood, 100 Mo. App. 655.]

Other questions raised need not be discussed, as what has already been decided disposes of the case. The cause is reversed with directions to the lower court to enter up judgment for the interpleader Mullett for the fund in controversy. All concur.