COUNTY COURT OF CLAY COUNTY, Respondent, v. ROBERT C. BAKER, Appellant, ALLEN BROOKS et al., Respondents.

In the Kansas City Court of Appeals, May 1, 1922.

1. INTERPLEADER: Grounds for Maintenance, Thereof Stated: Doubt as to Question of Law or Fact Relative to Rights of Claimants Sufficient to Maintain Bill of Interpleader. To maintain a bill of interpleader the party filing same must be a disinterested stakeholder, have control of fund, act in good faith and have a real doubt as to which of claimants of the fund is entitled to it, and such doubt may be either as to a question of law or fact.

2. ———: Parties: County Court Being Body Having Control of Fund, Held Proper Party to Bring Bill of Interpleader to Determine Claimant Entitled to Fund. In view of provisions of sections 9534, 9560, 9561 and 9567, Revised Statutes 1919, the County treasurer is only

an officer of the county court to hold funds which are subject to the court's control, and can only pay the money out on warrants ordered by the county court, hence, the county court being the body having control of the fund was the proper party to bring the bill.

3. EMINENT DOMAIN: Condemnation: Estate by Entirety: Husband and Wife: Husband Being Cotenant by Entirety with Wife in Ownership of Land, Had no Interest Therein Which Could be Taken in Condemnation Proceedings to Which His Wife Was Not a Party. A husband being a co-tenant by the entirety with his wife in the ownership of land had no interest in the land that could be taken in condemnation proceedings to which his wife was not a party.

4. ———: ———: ———: ———: Jurisdiction: Where Wife Co-tenant by Entirety Was Not Made a Party to Condemnation Proceeding the Court Acquired no Jurisdiction and the Proceeding Was Void. Where a wife having an interest in land as a co-tenant by the entirety with her husband was not made a party to a condemnation proceeding, the court acquired no jurisdiction and the proceeding was void.

5. ———: ———: Where Condemnor Deposited Money Under a Void Order Condemnor Was Entitled to a Return of the Money. The right of the public authorities to take and use land condemned for a road, and the right of the landowner to the money deposited for that purpose, are correlative and coincident, but since the condemnation proceeding was void, no such right to take the land for a road ever came into existence and the condemnee was not entitled to the purchase money deposited, the money remaining that of the depositors.

6. ———: ———: Jurisdiction: Roads and Highways: Failure to Name All Landowners as Required by Statute in Proceeding to Establish a Road Renders Condemnation Proceeding Void and Destroys Power of Court to Proceed in the Matter. Under sections 10627 and 10628, Revised Statutes 1919, authorizing the establishment of roads, as a condition precedent to the power of the county court to proceed, the name of all the landowners of abutting property on proposed road must be taken and reported and the damages must be assessed to each person interested, and a failure to follow statute as required renders the proceeding void and destroys the power of the court to proceed in the matter.

7. Jurisdiction: Courts: Facts Necessary to Confer Jurisdiction Must Appear Affirmatively on Record. Where facts necessary to confer jurisdiction on county court to establish a road across land did not appear affirmatively on the record, jurisdiction to do so was lacking.

8. Eminent Domain: Judgment: In an Injunction Suit to Restrain Opening of Road Through Candemnation Proceeding. by Person Having an Interest in Land as Co-tenant and Not a Party to Such Proceeding to Condemn the Land, Held That the Rule That a Judgment Cannot be Attacked Collaterally Has no Application. Where a wife, having an interest in land, as a co-tenant by entirety with her husband, was not made a party to a proceeding to condemn the same but brought an injunction suit to restrain the opening of a proposed road through said land, the rule that a judgment cannot be attacked in a collateral proceeding has no application.

9. Evidence: Deed Under Which Condemnee and His Wife, a Co-tenant by Entirety, Who Was Not Made a Party to Condemnation Proceeding, Admissible as Proof That Road for Which Fund Was Created Could Not be Opened. Where the proceeding to condemn land was void, the condemnee acquired no interest in the fund, nor did the public acquire any interest in the land sought to be taken, and hence the judgment in the injunction suit in favor of the condemnee's wife and the deed under which condemnee and his wife held title to the land by the entirety were admissible in evidence as proof that the road could not be opened.

10 Interpleader: Attorneys Fees: Costs: Allowance of Attorneys Fees and Costs Against Unsuccessful Interpleader Whose Claim Was Unjustifiable, Held Within Discretion of Chancellor. An allowance of $150 as attorneys' fees to plaintiff and judgment therefor with costs against unsuccessful interpleader, whose unjustifiable claim caused the litigation, was within the discretion of the Chancellor and cannot be disturbed.

Appeal from the Circuit Court of Clay County.—*Hon. Harris L. Moore,* Special Judge.

AFFIRMED.

*Claude Coppinger,* for Clay County Court, respondent.

*James S. Simrall* and *Claude Hardwicke* for respondent Brooks, et al.

*Theodore Emerson* and *Craven & Bates* for appellant.

TRIMBLE, P. J.—The County Court of Clay County, Missouri, brought a suit in the nature of a bill of interpleader to determine who is the owner of and entitled to receive a certain fund of $3388 subscribed, and by order of the county court, paid into the county treasury, by certain parties hereinafter called the petitioners, as the damages assessed in favor of Robert C. Baker as landowner for the establishment and opening of a new road prayed for by them. While the road proceeding was still pending in the county court, and before the road was opened, the said county court was perpetualy enjoined from opening same as the road proceeding was void. Thereupon the petitioners who had subscribed and paid the fund as damages for the establishment and opening of said road, asked that the fund be returned to them, inasmuch as the purpose for which the fund was subscribed could not be accomplished. But Robert C. Baker, in whose favor the damages had been assessed, laid claim to the fund, though, under said proceeding, no land whatever was taken or could be taken for said road. Thereupon the county court filed the aforesaid suit, setting up the facts and praying that the petitioners and Robert C. Baker be required to interplead for said fund.

Baker demurred to the petition but same was overruled, and the claimants were ordered to interplead, which they did. After hearing the matter, the chancellor decreed that the fund belonged to the petitioners who had subscribed the same, and allowed the plaintiff in the interpleader suit as attorney's fees payable out of the fund, the sum of $150, and directed the residue of said fund to be paid to the Petitioners, and rendered judgment against Robert C. Baker, the unsuccessful claimant, for the said sum of $150 the amount by which his unsuccessful claim had depleted the fund. Baker thereupon appealed to the Supreme Court, but that tribunal sent the case here.

There is no dispute over the facts and they are as follows:

In November, 1918, a petition for the establishment of a new public road was filed in the county court under what is now Article 1, Chapter 98, Revised Statutes 1919, and particularly section 10,625. In the list of names of persons owning land through which the proposed road would run appeared the name of R. C. Baker. The court heard the petition and remonstrances and found that the facts justified the establishment of the road *at the expense of the petitioners,* but not at the expense of the County, and found that the probable damages would be $2500 and gave the petitioners until November 25, 1918, in which to deposit same.

The petitioners thereupon subscribed and deposited said sum, and the county court thereupon ordered the county highway engineer to view and survey the proposed road, take relinquishments of rights of way and the names of owners of land through which the road would run, together with descriptions thereof, etc.

Said engineer duly filed his report and mentioned R. C. Baker as a landowner who did not give the right of way but claimed damages for the 3.02 acres of land taken.

Commissioners were duly appointed and in their report they assessed to R. C. Baker, as damages for the establishment of said road and taking of said 3.02 acres, the said sum of $3388. Exceptions were filed and the proceeding was thereafter certified to the circuit court where the exceptions were overruled on the 24th of March, 1919, and damages sustained "by the laying out of said road" were assessed to R. C. Baker at said sum of $3388. The road was ordered established at the expense of the petitioners, and they were given until April 15, 1919, to pay into the County treasury the damages aforesaid and, upon said payment, the county was to take and hold said lands according to law. Said R. C. Baker was allowed three months, or until June 24, 1919, "in which to give possession of his lands condemned for said proposed road." The petitioners thereupon deposited the additional $888 necessary to complete the amount needed, to-wit, $3388.

Thereafter, said sum of $3388 was paid to R. C. Baker, and the next day, before the time was up for giving possession of said 3.02 acres and before anything was done in the way of actually opening the road on the ground or taking physical possession thereof, Sallie A. Baker, wife of Robert C. Baker, brought an injunction suit in the circuit court to perpetually restrain and enjoin the county court and the other public authorities from opening or taking possession of said road for the reason that R. C. Baker did not own the aforesaid 3.02 acres of land, but the title thereto was in Robert C. Baker and Sallie A. Baker, his wife, as tenants by the entirety, and, as Sallie A. Baker never was at any time a party to said proceeding to establish said road, the court never obtained jurisdiction therein and said proceeding was null and void.

As soon as it was discovered that Robert C. Baker did not own the land but that it was held by him and his wife as tenants by the entirety, and, as heretofore stated, before the said road was opened or possession taken thereof in any way, demand was made upon said Baker to repay said sum of $3388 and Baker thereupon did so. Some point seems to be made by appellant that he did not return the identical warrant or draft that he obtained from the county treasury but only the same *amount* of money not the same cash. This however is not deemed to be material.

The injunction suit resulted in a decree finding that the proceeding to establish the road was void, and the opening of the road was permanently enjoined.

It is urged that the county court cannot maintain this suit in the nature of a bill of interpleader for the reason that the county treasurer is the only person who can claim to be custodian of the fund. It is true, in order for a party to maintain a bill of interpleader, the party filing same must be a disinterested stakeholder and have control of the fund or as it is said "have the fund in his hands." He must also act in good faith and have a real doubt as to which of claimants of the fund

is entitled to it.    [Little v. St. Louis Union Trust Co., .197 Mo. 281.]    And this doubt may be either as to a question of law or of fact.    [Repetto v. Raggio, 201 Mo. App. 628.]

But, in view of the provisions of sections 9534, 9560, 9561, and 9567, Revised Statutes 1919, the county treasurer is only an officer of the county court to hold the fund in question subject to the court's *control*.    The treasurer can only pay the money out on warrants ordered by the county court.    Hence the body having the *control* of the fund is the proper party to bring the bill.    The treasurer in this case is only the court's animated strong box as it were.    The treasurer was made a party to the suit. The fund in this case was a trust fund under the control of the county court in which it had no pecuniary interest and to which there were conflicting claims.    The court was not required to decide at its peril to which of the claimants, whether to the petitioners or to Baker, the money should be paid.    In view of the strenuous divergence of opinion between these claimants, and the difference in the views of the trial judge from those of appellant, it can hardly be maintained that the county court could not in good faith have had any doubt as to whom the fund should be paid.

The contention that the facts stated in the bill of interpleader show, as a matter of law, that the fund belongs to Baker will be considered in what is hereinafter said.

Sallie A. Baker, who was made a party defendant, answered and denied any interest in the fund.    The petitioners, who had subscribed and paid the fund for use only in paying for a road established and opened, also answered asserting their claim thereto, and appellant Baker, after his unsuccessful demurrer, also answered and claimed it.    And on the day the claimants were ordered to interplead, the fund was paid into court.

The petitioners' contention is that, having as subscribers to the fund deposited it as consideration for or. to be used in paying for an open public road which they

desired, but which they cannot get on account of jurisdictional defects established by the injunction suit, they are entitled to the return of their money.

Appellant Baker's position seems to be that, although he does not offer to deliver possession of any of the land needed for the road nor claim that the road can be opened (and he will not give up or lose anything whatever), nevertheless, because the road proceedings "on their face" appear to be regular, he is entitled to obtain and hold the fund which petitioners subscribed to pay for an opened road.

Baker had no interest in the land that could be taken in condemnation proceedings to which his wife was not a party. [Stifel's etc. Brewing Co. v. Sax, 273 Mo. 159.] 159.] His wife, being a cotenant by the entirety, and not being a party to the road proceeding, could and did enjoin the establishment and opening of said road. [Ripkey v. Gresham, 214 S. W. 851; Holmes v. Kansas City, 209 Mo. 513.] And, since she was not made a party to the proceeding nor damages assessed to her, the county court acquired no jurisdiction, and the proceeding was void. [Spurlock v. Dornan, 182 Mo. 242.] The right of the public authorities to take and use land condemned for a road, and the right of the landowner to the money deposited for that purpose, are correlative and coincident; and when one right legally vests, the other simultaneously therewith vests also. But since, in the proceeding herein considered, no such right to take said land for a road ever came into existence, no right to the money arose in Baker. [First National Bank v. West River R. Co., 49 Vt. 165; Stacey v. Vermont, etc., R. Co., 27 Vt. 37.] The deposit having been made under a void order, the money remains that of the depositors. [Ligare v. Chicago, etc., R. Co., 160 Ill. 530, 533; Gallatin v. Loucks, 21 Barb. (N. Y.) 578.]

Under the statutes authorizing the establishment of roads (Secs. 10627 and 10628), as a condition precedent to the power of the county court to proceed, the names of *all* the landowners must be taken and reported and

the damages must be assessed to *each* person interested therein. A failure to do this renders the proceeding void. It is more than merely void as to the person whose name is omitted and who is not a party. The *power of the court to proceed* in the matter is destroyed. [Whitely v. Platte County, 73 Mo. 30; Anderson v. Pemberton, 89 Mo. 61.]

The facts necessary to confer jurisdiction on the county court to establish the road across the land in question did not appear affirmatively on the record, and hence jurisdiction to do so was lacking. [Chicago, etc., R. Co. v. Young, 96 Mo. 39.] The petitioners in such a proceeding are not plaintiffs as in an ordinary law suit. A judgment therein, if valid, does not divest something out of the landowner and vest it in petitioners. The public alone acquires the road if one is established. No authority is conferred upon the county court to adjudicate the title to any of the lands sought to be taken. And when it afterward appeared that the conditions precedent required by the statute had not been complied with, the whole proceeding failed. It is true, the decision of such questions as the statute authorizes the court in such a proceeding to determine are not to be attacked in a collateral proceeding. [Lingo v. Burford, 112 Mo. 149.] But that principle can have no application here. Mrs. Baker attacked the jurisdiction of the county court to open the road and this she could do, as that is always a question open to inquiry under the circumstances here considered. [Mulligan v. Martin, 125 Mo. 630.]

The proceeding in the county court being void, the appellant Baker acquired no interest in the fund nor did the public acquire any interest in the land sought to be taken for a road. Both the judgment in the injunction suit in favor of Mrs. Sallie A. Baker and the deed under which Baker and his wife held title to the land by the entirety were admissible in evidence as proof that the road could not be opened; and that the purpose for which the fund was subscribed was wholly defeated. [St. Louis, etc., Ins. Co. v. Cravens, 69 Mo. 72, 77; Jones v. Talbot, 9 Mo 121; Herman on Estoppel, secs. 282, 283.]

The allowance of $150 as attorney's fees to the plaintiff and the judgment therefor with costs against Baker the unsuccessful interpleader, whose unjustifiable claim caused the litigation, was within the discretion of the chancellor and cannot be disturbed. [Eves v. Sovereign Camp W. O. W., 153 Mo. App. 247; Sov. Camp W. O. W. v. Wood, 100 Mo. App. 655, 660; Supreme Council v. Renick, 85 Mo. App. 283; Grooms v. Mullet, 133 Mo. App. 477, 483; Franco-American L. & B. Assn. v. Joy, 56 Mo. App. 433; Glaser v. Priest, 29 Mo. App. 1.]

The judgment is affirmed. All concur.