The BRENTWOOD BANK, a corporation, et al., Respondents,

v.

O. S. RUDMAN, Appellant.

No. 36722.

Missouri Court of Appeals, St. Louis District, Division Four.

June 29, 1976.

Thomas K. Edelmann, St. Louis, for appellant.

Bryan, Cave, McPheeters & McRoberts, Jerome S. Rubenstein, Andrew S. Love, Jr., St. Louis, for respondents.

NORWIN D. HOUSER, Special Judge.

Appeal by O. S. Rudman from a judgment in an interpleader action determining the amount of rent due under a certain lease to be $500 per month, instead of $540.54 as claimed by appellant, and awarding $975 fees to the attorneys for the party bringing the interpleader action.

On July 19, 1956 O. S. Rudman and Max Jackoway, as Lessors, entered into a 99-year lease of a parcel of real estate in St. Louis County to Coronet Investment Company, at a monthly rental of $500. Notice of the lease was recorded July 1, 1960. On October 15, 1964 O. S. Rudman and wife executed a quitclaim deed of this property to Joveina Lopiparo, which was filed of record on October 17, 1964. Coronet's interest in the leasehold was purchased by The Brentwood Bank on January 30, 1974 at a foreclosure sale of a deed of trust executed February 15, 1963 inter alia by Coronet, and the bank thereupon became a tenant under the lease. Rudman requested of the bank that it send rent payment checks to him, and that the payments be

made in the sum of $540.54 monthly, instead of the $500 reserved in the lease, on the basis of a modification of the terms of the lease alleged by Rudman to have been agreed upon between Lessors and Coronet whereby Coronet granted the right to defer the first 18 payments due under the lease (totaling $9,000) and to pay the sum of $9,000 in equal monthly payments of $540.54 beginning on the 19th month and continuing through the 240th month of the lease. It does not appear whether the alleged deferment agreement was written or oral and the date of the agreement is not stated. If in writing there is no evidence that it was recorded.

On May 2, 1974 The Brentwood Bank filed this interpleader action against Rudman and Lopiparo, praying for a declaration of the amount of rent due under the lease, and to be allowed to pay into the registry of the court the monthly rental payments, and for a determination whether Rudman or Lopiparo is entitled to receive the rent under the lease, and for an attorney's fee. Joveina Goldberg (formerly Lopiparo) filed an answer claiming she was entitled to the rent. Rudman filed an answer alleging that the deed to Lopiparo conveyed legal title only and she took legal title only as a straw party or nominee for Rudman; that all real and beneficial interest in the property was vested in Rudman, and that the monthly rent payments due were $540.54 by virtue of an amendment to the lease. Affidavits were filed. Rudman moved for summary judgment. On July 30, 1974 First Investment Corporation purchased the interest of The Brentwood Bank in the property and began making the required rental payments into the registry of the court.

The court found (1) that ownership of the property was vested in Rudman and that Lopiparo had no interest therein (she had executed a quitclaim deed back to Rudman on October 15, 1964, which had not been recorded), and (2) adjudged that the amount of the rent due on May 1, 1974, under the lease, and each month thereafter, is $500 a month, and awarded Bryan, Cave,

McPheeters & McRoberts $975 attorneys' fees.

Rudman has appealed, claiming first that the judgment entered is by nature and effect a summary judgment, and that there are unresolved issues of fact. We find no material issues of fact that require the taking of evidence. The cause was ripe for decision on the pleadings and affidavits.

Rudman's second point is that The Brentwood Bank and its successor First Investment Corporation, as assignees of the leasehold estate, are liable under the lease for payment of rent to appellant Rudman and his co-lessor Jackoway, and that the liability for the balance of the first 240 months of the lease is in the amount of $540.54 per month. The liability of the bank and investment corporation to pay the proper amount of rent is not disputed, but is conceded. The dispute in this phase of the case involves solely the question whether the rent due is $500 or $540.54 per month. We affirm the judgment of the circuit court finding the proper amount to be $500 per month. The February 15, 1963 deed of trust, which included as grantors not only lessee Coronet Investment Company but also Rudman and Jackoway, the original lessors, conveyed not only the fee title but also the leasehold estate created by the 1956 lease, without any reference to an agreement between lessors and lessee modifying the terms of the lease. It provided, paragraph 30, that the lessee "will not in any manner * * * without the consent of the mortgagee modify or permit any modification of any of the terms of [the lease] * * *." The 1956 lease, Article XIX, provided: "This lease contains the entire agreement of the parties hereto with respect to the letting and hiring of the premises above described and this lease may not be amended, modified, released or discharged, in whole or in part, except by an instrument in writing signed by the parties hereto, their respective successors or assigns." If a deferment agreement was entered into prior to the February 15, 1963 deed of trust, and if appellant did not dis-

close to the mortgagee the existence of such deferment agreement (of which disclosure there is no evidence) and the mortgagee accepted the leasehold estate under the apparently unmodified lease as part of the security for its debt (in the sum of $1,450,-000), appellant is estopped from asserting the previously unannounced agreement to its advantage and to the detriment of the mortgagee's successors in interest. The bank and the investment corporation were entitled to rely on the public record which reflected only an unmodified lease. "One who places on record a deed or mortgage showing the nature of his interest in land is ordinarily estopped, as against one who relies on the record, to claim that his interest is other or greater than appears in the record." 66 Am.Jur.2d Records and Recording Laws § 99. If such deferment agreement was entered into after the February 15, 1963 deed of trust was executed the bank and investment corporation are protected by Article XIX of the deed of trust; the mortgagee and its successors could not be bound by the alleged deferment agreement without their consent, for Article XIX provides that the lease may not be amended or modified, in whole or in part, except by an instrument in writing signed by the parties and their successors or assigns. No such writing has surfaced.

For these reasons the circuit court's judgment with respect to the amount of monthly rent payments due under the lease ($500) is correct.

█ With respect to the issue of fees allowed attorneys for the bank and investment corporation: Appellant concedes that at the time of the institution of this interpleader action the bank was a disinterested stakeholder. As long as it occupied that status it was entitled to attorneys' fees as part of its costs. *Grooms v. Mullett*, 133 Mo.App. 477, 113 S.W. 683 (1908). Appellant contends that on August 22, 1974 the bank lost its status as a disinterested stakeholder, and became interested in the outcome of the litigation, i. e., in attempting to secure a declaration that its monthly rental

obligation was only $500 (not $540.54); that the bank and investment corporation acted to protect their monetary interests by filing a memorandum of law and an affidavit opposing appellant's motion for summary judgment, and that insofar as their efforts were spent in their own personal interest, after August 22, 1974, they may not recover attorneys' fees, without the benefit of a contract or statute providing therefor. Appellant's contentions are sustained. It is not clear whether the court's award of fees was limited to payment for services rendered in the role of the bank as a disinterested stakeholder, or whether the award was intended to cover all services rendered by the attorneys for the bank, both as stakeholder and as interested litigant. It is impossible to know, on this record. Because of this uncertainty the judgment, insofar as the award of attorneys' fees is concerned, must be reversed and the cause remanded. See *New York Times Co. v. Sullivan*, 376 U.S. 254, 284, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). Accordingly, the award of $975 attorneys' fees is set aside and the cause is remanded for a hearing to determine the items of services performed by plaintiffs' attorneys for the bank as disinterested stakeholder with directions to make an award in their behalf for the reasonable value thereof.

Affirmed in part; reversed in part, and remanded for further proceedings consistent with this opinion.

SMITH, C. J., and ALDEN A. STOCKARD, Special Judge, concur.