Louise Lieber, A Minor, by Mae Banks, Her Next Friend, Respondent, v. Walter Heil, Appellant.*

St. Louis Court of Appeals. Opinion filed June 7, 1927.

1.—Statute—Validity of—Constitutional Question—Raised for First Time on Appeal. Generally, a constitutional question must be presented to the trial court at the earliest possible moment and kept alive throughout, otherwise it will be waived; however, there is an exception to this general rule and that is where plaintiff's cause of action is founded upon a statute and there is a judgment for plaintiff, the defendant may, for the first time on appeal, raise the question of the constitutionality and validity of such statute.

**2.—Same—Same—Same—Paternity of Child—Cause of Action Based Upon Statute—Question of Constitutionality of Statute May be Raised at Any Stage of Proceedings.** In an action to establish the paternity of a child born out of wedlock, bottomed upon sections 311 and 311a, Laws of 1921, inasmuch as the sole cause of action arises from a statute, **held** that the constitutionality of such statute can be raised at any stage of the proceedings and in any court where the cause is pending at any time.

---

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, p. 710, n. 73, 74; Constitutional Law, 12CJ, p. 785, n. 63; p. 786, n. 71.

Appeal from the Circuit Court of the City of St. Louis.—Hon. John W. Calhoun, Judge.

Transferred to the Supreme Court.

*Oakley & Frank* and *Edward G. Davidson* for appellant.

(1) The sections of the statute upon which the cause of action is founded, namely, sections 311 and 311a, Laws of Missouri 1921, page 118, are unconstitutional for the following reasons: (a) That said sections 311 and 311a are special or class legislation, although a general law might have been made applicable, in violation of article IV, section 53, subdivision 32 of the Constitution of the State of Missouri, in that an action under section 311a can be instituted only if the child is of the same race as the father, thereby depriving the offspring of a man and woman of different races other than those prohibited by statute from establishing paternity. (b) That it gives to an illegitimate child, born after the passage of the act, the right to inherit from its alleged father, while denying to children born before the passage of the act the same right. (c) That said sections 311 and 311a are special, or class legislation, in violation of article IV, section 53, subdivision 16 of the Constitution of the State of Missouri, which specifically prohibits the passage of special laws changing the law of descent or succession, said sections discriminating against those children born out of wedlock, whose mother or relatives within the required degree are dead, or who have not taken advantage of the statute, or refuse so to do, or if said children were born before the act became effective. (d) That said sections do not give to the father of a child born out of wedlock the reciprocal right to establish in himself the paternity of a child, so that the father may be capable of inheriting and transmitting inheritance from such child in like manner as if it had been born in lawful wedlock. State v. Miksicek, 225 Mo. 561, 125 S. W. 507. (2) (a) The title of the act is insufficient because it contains more than one subject, because the subjects of the act are not clearly expressed in the title and because there is no reference in the title to the proviso contained in section 311

relating to the establishment of paternity by an action at law begun during the lifetime of the alleged father of such child, nor is there any reference in said title to section 311a authorizing a suit to be instituted to establish paternity and giving to a court of law the power to decree who is the father of a child born out of wedlock. All contrary to the requirements of section 28, article IV of the Constitution of Missouri. (b) That said act further attempts to repeal section 311 of the Revised Statutes of Missouri, 1919, relating to descents and distributions and substitutes in lieu thereof two new sections, being sections 311 and 311a, and without the provisions of said sections being set out in the title, contrary to article IV, section 28, of the Constitution of Missouri. State ex rel. Niedmeyer v. Hackman, 292 Mo. 32, 237 S. W. 742. (3) The petition in the instant case does not state a cause of action cognizable either in law or equity in this State and the court was without jurisdiction, for the following reasons: (a) That the plaintiff did not allege in her petition sufficient facts to show that in the capacity of plaintiff she was concerned with the cause of action averred, neither did plaintiff allege in said petition or prove any right of action in herself against the defendant; that she was the party who suffered injuries by the acts of defendant and was the party seeking redress. State ex rel. v. Brand, 305 Mo. 321, 265 S. W. 989; Gruender v. Frank, 186 S. W. 1004, 267 Mo. 713; State ex rel. v. Donson, 63 Mo. 451; 11 L. R. A. (N. S.) 249; 3 Cyc. 102; Chandler v. Railroad, 251 Mo. 592, 158 S. W. 35. (b) There is a fatal defect of parties plaintiff. The petition was not brought in the name of the real party in interest, the child, who was an indispensable party. A suit prosecuted for an infant must run in the name of the infant, as plaintiff, by guardian, or next friend, or, in the instant case, in the name of the infant as plaintiff, by its mother or other relative, as authorized by the statute. Secs. 1155, 1165, R. S. 1919; Jones et al. v. Railroad, 178 Mo. 528, 77 S. W. 890. (c) As this is purely a statutory action, plaintiff must bring herself strictly within the statutory requirements necessary to confer the right, and this must appear in her petition; otherwise it shows no cause of action. Plaintiff, under the statute, could only institute the action; she could not maintain it in her own name. Chandler v. Railroad, 158 S. W. 35; Barker v. Railroad, 91 Mo. 94, 14 S. W. 280. (4) The court erred in overruling defendant's instruction prayed for at the close of plaintiff's case, for the following reasons: (a) There was no evidence that the child of Louise Lieber whose paternity was sought to be established was born alive and was still alive, nor that the child exhibited in evidence was the child born to Louise Lieber, or that defendant was the father of said child; nor was the identity of the child exhibited in evidence established as the child born to Louise Lieber (plaintiff) as the result of carnal

knowledge between her and defendant. It was also error for the court to compare the blue eyes of the child exhibited and defendant, in an effort to establish paternity. (b) There was no evidence that defendant had ever acknowledged or recognized any child born to plaintiff as being his child. (5) The court erred in refusing to find in favor of defendant, as prayed for at the close of the whole case. (6) The court erred in giving said child the defendant's surname—calling him "Eugene Heil"—as the statute under which this action is brought does not provide that a child born out of wedlock be given the name of its alleged father, even thought its paternity be established. State v. Cunningham, 111 Iowa, 232. (7) The court erred in refusing to permit Anna Lieber to testify regarding admissions made to her by plaintiff as to her relations with other men, and also in refusing to allow defendant to show the previous unchaste character of plaintiff before June 15, 1924, for the reason that said admissions and evidence would tend to impeach plaintiff's credibility. State v. Smith, 259 S. W. 506. (8) It was error for the court to allow a child to be introduced in evidence and offered as an exhibit in the case, for the reason that such child was not properly identified as being the child born out of lawful wedlock to plaintiff, Louise Lieber. (9) (a) The evidence is insufficient to sustain the judgment and decree for the reason that while plaintiff's reputation for morality and chastity was shown to be bad, no countervailing evidence was offered in support of her character, while defendant's reputation was not attacked. (b) Plaintiff's evidence that defendant was the father of her child was uncorroborated. (c) That it was shown that plaintiff had sexual relations with defendant's brother before, at and during the time she alleges such relations with the defendant. State v. Smith, 259 S. W. 506.

*Frank J. Quinn* and *Frank Coffman* for respondent,

(1) Appellant did not plead the unconstitutionality of the statute. He made no objections to the introduction of testimony on the ground that the act was unconstitutional. The case was not tried upon the theory that defendant was contending that the act was unconstitutional. Therefore, the constitutionality of this statute has not been presented for determination; because, before a constitutional question may be raised, it must be presented to the trial court at the earliet possible moment, and kept alive throughout, otherwise it will be waived. Deming v. City, 217 S. W. 27; State ex rel. v. Mooneyham, 247 S. W. 163; Lavelle v. Insurance Co., 231 S. W. 616; Lohmeyer v. Cordage Co., 214 Mo. 685; Ross v. Pants Co., 241 Mo. 296; Brown v. Railway, 175 Mo. 185; Mills Co. v. Blake, 242 Mo 23; Hartzler v. Railway, 218 Mo. 562; Littlefield v. Littlefield, 272

Mo. 163; Dubowsky v. Binggeli et al., 258 Mo. 197. (2) Defendant's requested declaration of law, in the nature of a demurrer to the evidence, offered at the close of the whole case, raised no constitutional question, because not only was no particular part of the Constitution pointed out as being violated, but the demurrer did not state generally that the Constitution was violated by the statute. Rubber Company v. Adam, 213 S. W. 80; State ex rel. v. Electric Company, 250 Mo. 522. (3) Neither did defendant raise a constitutional question in his motion for new trial (which was the first time he contended that the Constitution had been violated), because it does not appear that in the motion for new trial was the first opportunity defendant had to present that question, in due course of procedure. Hartzler v. Railway, 218 Mo. 562; Dubowsky v. Binggeli et al., 258 Mo. 197; Littlefield v. Littlefield, 272 Mo. 163. (4) And, if a constitutional question had been raised (which we say it has not), then this court has no jurisdiction, because the Supreme Court has exclusive jurisdiction to determine such issues. State ex rel. v. K. C. Court of App., 105 Mo. 299; City of Springfield to use v. Weaver, 66 Mo. App. 293; Schuermann v. Life Ins. Co., 77 Mo. App. 504; State ex rel. v. Kramer, 78 Mo. App. 62; Tinsley v. Kemery, 83 Mo. App. 94; Collins v. Life Association, 84 Mo. App. 555; Collins v. Life Association, 85 Mo. App. 243; State ex rel. v. Smith, 141 Mo. 1. (5) (a) A defect of parties plaintiff must be objected to by demurrer. Sec. 1226, R. S. 1919; Canava v. Daniel, 175 Mo. App. 55; Johnson v. Railway, 247 Mo. 328; Harstkotte v. Menier, 50 Mo. 158. (b) And the objection must be made before trial, otherwise it is waived. Crook v. Tull, 111 Mo. 283, 288; Dunn v. Railroad, 68 Mo. 269; Butler v. Lawson, 72 Mo. 227; Sails v. Funk, 175 Mo. App. 500; Tooney v. Baxter, 59 Mo. App. 470.

DAUES, P. J.—This is a suit by Louise Lieber, a minor, by next friend, against defendant brought in the circuit court of the city of St. Louis, to establish defendant's paternity of a child born out of wedlock, and is bottomed upon sections 311 and 311a, Laws of Missouri 1921, page 118. The petition closely follows the statute, and prays a judgment and decree that defendant be adjudged the father of the minor child involved and that the child be given the name of Eugene Heil, with full right of inheritance as if born in wedlock.

The answer is a general denial.

There was a trial which resulted in a decree in favor of plaintiff, from which defendant has taken an appeal to this court.

Although the action is brought upon a statute, the court had difficulty in determining whether it was a suit in equity or an action at

law, and throughout, the case seems to be tried in confusion in that regard.

The cause of action is bottomed squarely upon this statute, and counsel for respondent so concede. The cause of action grows out of this statute alone, and if the statute is invalid, of course no cause of action exists. The answer, observably, does not raise a constitutional question. Neither was a constitutional question raised during the trial. In the motion for new trial, however, it is specifically charged that this act of the legislature is unconstitutional, in that it violates section 53 of article IV, and section 28 of article IV of the Constitution of the State of Missouri. The labor of appellant's brief is almost entirely on the question of the constitutionality of the act. The assault made against the judgment is to the effect that this being a statutory action based upon an unconstitutional statute, no cause of action is stated in the petition and therefore the judgment should be destroyed on appeal.

Respondent's brief relies upon the proposition that the constitutional question was not timely made, in that it was not raised in the answer, and that neither was there an objection made to the introduction of evidence on the ground that the statute is unconstitutional, but that the constitutional question first appeared in the motion for new trial, which, it is said, is too late. And reliance is had upon the many cases in our jurisdiction which hold, generally, that the constitutional question must be presented to the trial court at the earliest possible moment and kept alive throughout, otherwise it will be waived. The leading case in our jurisdiction on this point, probably, is that of Lohmeyer v. Cordage Co., 214 Mo. 685, 113 S. W. 1108. We, of course, are quite familiar with that doctrine, and it can no longer be questioned that such is the rule in this State. However, there seems to be an exception to the general rule, and the instant case falls within the exception.

In the case of McGrew v. Railroad, 230 Mo. 496, 132 S. W. 1076, a case by the Supreme Court en banc, an exhaustive decision, it was distinctly and pointedly held that where plaintiff's cause of action is founded upon a statute and there is a judgment for plaintiff, the defendant may for the first time on appeal raise the question of the constitutionality and validity of such statute. The validity of the statute, said the court, is in the case at all times, because if it is not valid plaintiff has no cause of action at all, and defendant at every stage of the proceeding has a right to object, even for the first time on appeal, that the petition does not state a cause of action. While the Supreme Court in that case divided three and three and it was necessary to call in a special judge in order to reach a decision, both the majority and the dissenting opinion agree that the constitutional question may be raised for the first time in the Supreme Court

where the sole cause of action arises from a statute and where there can be no recovery except by giving that statute force and effect. In that event, the court held that the constitutionality of such statute can be raised at any stage of the proceeding and in any court where the cause is pending at any time. This doctrine is pronounced in the majority opinion at page 511, and in the dissenting opinion at page 612, each citing authorities.

Accordingly, the constitutionality of this statute having been attacked in the motion for new trial below, and being most strenuously presented here on appeal, and the cause of action being based solely upon a statute which it is charged is unconstitutional, such question is in the case, and we, being without jurisdiction to decide such question, it is our duty to transfer the cause to the Supreme Court, which accordingly is now done.

*Becker* and *Nipper, JJ.,* concur.