LOUISE LIEBER, A Minor, By Her Next Friend, MAE BANKS, v. WALTER HEIL, Appellant.—30 S. W. (2d) 143.

Division One, July 9, 1930.

*Oakley & Frank* and *Edward G. Davidson* for appellant.

*Frank J. Quinn* and *Frank Coffman* for respondent.

LINDSAY, C.—The appeal in this case was allowed to the St. Louis Court of Appeals. Upon the hearing, that court held that the question of the validity of a statute was in the case for determination; that appellate jurisdiction was in this court, and thereupon transferred the cause to this court.

The suit is one brought under the provisions of Sections 311 and 311a of the act approved March 31, 1921, Laws of 1921, pages 117 and 118. The plaintiff, a minor, and mother of a child born out of wedlock, sues by next friend. The petition closely follows the statute. It is asked that the paternity of the child in defendant, be established, and with full right of inheritance, in like manner as if the child had been born in lawful wedlock between plaintiff and defendant. The answer of the defendant is a general denial. Upon the trial, the court found in favor of the plaintiff, and entered a judgment or decree which in its terms follows the provisions of the statute.

Defendant's motion for a new trial makes numerous assignments of error, and among them is challenge of the validity of the statute upon which the action is founded, upon the ground that the act was passed in violation of Section 28 of Article IV of the State Constitution, and in violation of Section 53 of the article mentioned. The essential claim is that the title of the act is fatally defective. The motion in arrest of judgment challenges the sufficiency of the petition to state a cause of action, and also raises the question of the invalidity of the statute.

In the Court of Appeals, defendant raised the constitutional question, and asserted that the petition failed to state a cause of action. The plaintiff took the position that the constitutional question was not timely raised, and was not for consideration. The opinion of the Court of Appeals is devoted to a determination of the question of whether appellate jurisdiction was in that court, and, as a necessary

preliminary thereto, a determination of the primary question of whether the constitutionality of the statute was in the case. (220 Mo. App. 896.) The Court of Appeals took the decision of this court, en banc, in McGrew v. Mo. Pac. Ry. Co., 230 Mo. 496, as applicable and controlling, and held that since the plaintiff's cause of action is founded upon the statute, the constitutionality and life of that statute are involved in the case from the start to the finish; and that defendant at any time, and in any court until the final end of the case, has the right to raise the question of the constitutionality of the statute, and make the objection that plaintiff's petition does not state facts sufficient to constitute a cause of action. The validity of the statute was not questioned in the trial court in any manner until the motion for a new trial was filed.

In this case appellate jurisdiction is not in this court, unless, there is a constitutional question in the case, and that depends upon whether it must be held, from the nature of the case, the question is in it "from the start to the finish," as it was expressed in the McGrew case, supra, and for that reason the question can be raised at any time and in any court, and affords the basis for determining appellate jurisdiction. Unless that be true the constitutional question is not in this case, under the uniform rulings of this court. The constitutional question cannot be held to be in this case, on the theory that the question was timely raised. To be within the ruling of a timely raising of the constitutional question it was necessary under the circumstances of this case that defendant raise the question in his answer. In Lohmeyer v. Cordage Co., 214 Mo. 685, the plaintiff's right of action was founded upon a statute which defendant did not challenge as unconstitutional, until he filed his motion for a new trial. It was held that it was necessary that defendant raise the question at the earliest stage in the proceeding admissible under the rules of good pleading and orderly procedure; that raising it for the first time in the motion for a new trial, was too late; that he should have put it in his answer and kept it alive. It was therefore held that the question was not in the case so as to give this court jurisdiction, and the cause was transferred to the Court of Appeals. To the general rule thus stated, it was said there was one exception, "viz.: where on the whole case some provision of the Constitution was either directly or by inexorable implication involved in the rendition of the judgment and decided against the appellant." The rule stated in the Lohmeyer case obtained before the decision in that case, and has ever since been followed in this court. [Hartzler v. Metropolitan St. Railway, 218 Mo. 562; Dahnke-Walker Milling Co. v. Blake, 242 Mo. 23; George v. Quincy, O. & K. C. Ry. Co., 249 Mo. 197; Speer v. Railroad, 264 Mo. 265; Strother v. Atchison, T. & S. F. Ry. Co., 274 Mo. 272; Joe Dan Market v. Wentz, 321 Mo. 943, 13 S. W. (2d) 641; Syz v. Milk Wagon Drivers' Union, 323 Mo. 130, 18 S. W. (2d) 441.] These were

cases in which the jurisdiction of this court depended upon a determination of whether there was a constitutional question in the case, and in that respect like the case at bar. They are also cases wherein· the cause of action was founded upon a statute, and wherein the defendant did not raise the constitutional question at the earliest opportunity in due course of orderly procedure, and it was held in all of them, that this court did not obtain appellate jurisdiction by the untimely raising of the constitutional question.

The Court of Appeals transferred the instant case to this court on the theory that the determination of the question was governed by what was said in McGrew v. Railroad, 230 Mo. 496. But, as was pointed out in the opinion by ELLISON, C., in the Syz case, supra, the McGrew case is distinguishable from a case like this. Speaking of the McGrew case, upon the point under consideration, it was said in the opinion in the Syz case, at page 444: ''The question of the timely raising of a constitutional point as bearing upon *appellate jurisdiction* was not there considered." The same distinction was made in Strother v. Railroad, 274 Mo. 272. In the McGrew case, the appeal was allowed to this court, and no question as to the jurisdiction of this court, on appeal, was raised; nor was that question considered in connection with the question of the right to pass upon the constitutional question. But, the question of appellate jurisdiction was expressly considered in the cases we have heretofore mentioned. In those cases it was directly considered, as dependent in determination upon there being a constitutional question in the case, and whether the constitutional question was in the case as a basis for appellate jurisdiction in this court, was decided in accordance with the rule stated in the Lohmeyer case. As pertinent in the discussion, suggestive of a distinction to be borne in mind, as well also as directly authoritative upon the question before us, we quote from the opinion of GRAVES, J., in George v. Railroad, supra, 249 Mo. l. c. 199: ''Now in this case it is conceded that the vital count of plaintiff's petition was based upon our statutes. With such concession it became the duty of the railway company to raise the question of unconstitutionality in the answer. This was not done. It should be remembered that this is not a case where the construction of the statute gives rise to the unconstitutionality thereof, but a case where the statute is relied upon as the basis of the action, and the defendant fails in his answer to plead that such statute is unconstitutional. Under the facts the constitutional question was not timely raised and the jurisdiction of this appeal is in the Kansas City Court of Appeals.''

That portion of the opinion in the McGrew case dealing with the question now before us, was criticized and disregarded by Division Two of this Court in Strother v. Atchison T. & S. F. Ry.,

274 Mo. 272, as is pointed out in the opinion in the Syz case, and the opinion in the Strother case is referred to with approval in .Newman v. John Hancock Life Insurance Co., 316 Mo. 455, a case in Court en Banc.

We refer to the opinions in the Syz case and in the Strother case for further and more enlightening discussion, as well as for citation of cases presenting the question before us here.

Since this cause has been transferred, the statute in question has been held by this court to be void, as passed in violation of Section 28 of Article IV of the Constitution. [Southard v. Short, 320 Mo. 932, 8 S. W. (2d) 903.] But, that ruling does not authorize holding that appellate jurisdiction of this cause is vested in this court, under the record before us. The record does not show a constitutional question presented so as to confer appellate jurisdiction upon this court. Under the rulings in the cases we have heretofore cited, this is not a case in which no judgment could have been rendered without passing on a constitutional question. The constitutional question, so tardily raised by defendant, was not "either directly or by inexorable implications involved in the rendition of the judgment and decided against appellant," as was said to be necessary in the Lohmeyer case. It did not "obtrude itself upon the judicial notice with such insistent demand for recognition that consideration of it could not be escaped." [Strother v. Railroad, 274 Mo. l. c. 284.] The rule announced in the Lohmeyer case and in the other cases cited, upon a record like that before us, is a salutary rule, in that it requires that a defendant in an action founded upon a statute who relies upon a constitutional objection to that statute, shall promptly and plainly make that objection. So much is due to the opposite party, and to the trial court. Beyond that, the rule is one of prime importance in keeping definite and certain, the limits of the jurisdiction of the respective appellate courts of the State. If the action of the Court of Appeals in transferring this cause should be held to be correct, and the conclusion therein involved be given general application, then every action upon a statute would present a constitutional question, which could be raised for the first time on appeal.

The cause must be transferred back to the St. Louis Court of Appeals. *Seddon* and *Ellison, CC.,* concur.

PER CURIAM:—The foregoing opinion by LINDSAY, C., is adopted as the opinion of the court. All of the judges concur.