T. A. MITCHELL ET AL., Appellants, v. L. E. NICHOLS ET AL.—52 S. W. (2d) 885.

Division One, September 3, 1932.

1234

*Chas. F. Boyd* and *Omer E. Brown* for appellants.

*G. Purd Hays* for respondent.

ATWOOD, J.—This appeal was transferred to this court by the Springfield Court of Appeals as one involving title to real estate. [Mitchell v. Nichols et al., 20 S. W. (2d) 554.] The case is thus stated in appellants' brief:

"This cause originated in the County Court of Christian County, Missouri. Respondents here filed their remonstrance, and the county court heard same to the conclusion thereof. The court found for the petitioners and ordered the county surveyor to mark out the road. The court ordered the plaintiffs to place with the county treasurer $100 for payment of possible damages. Report of the surveyor was made, and damages reported claimed by the two landowners who are the respondents here. Commissioners were ordered appointed by the court and after qualification viewed the lands and reported no damages to either of the landowners, and the petitioners took down the $100 damages which had been placed, and the respondents then took an appeal to the circuit court by filing exceptions to the report of the commissioners. Upon the case reaching the circuit court a motion to dismiss the cause of action was filed and sustained and the cause is now here on appeal, on said motion, after unsuccessfully moving for a new trial."

Respondents filed no brief and the case was submitted here without oral argument.

In remonstrators' aforesaid motion to dismiss the petition the following reasons were assigned:

"First. The petition does not properly describe the land sought to be taken for said road.

"Second. The notices were not posted as required by law.

"Third. That all of the landowners over and across which said proposed road runs are not named on the petition so that the county court could assess damages to them, if any—the names of the said parties or part of them, at least, are: George T. Williams, John Williams, Nellie Sand and others. John P. Ramsay—John F. Avin, Trustee.

"Fourth. That a number of the names of men are given and wife —If the wife owns part in the land she must be named by her given and surnames just the same as the men owning land and, if not so named the court have no jurisdiction to take their land for public road until they are given a chance to claim damages in their own names and own right.

"Fifth. There was $100 put up as damages with the county treasurer and was taken down without any order from the county court or any other court, and this court should order the party taking the money down to return it to the county treasurer.

"Sixth. That this court for the reason above set forth has no jurisdiction to hear and determine this case."

■■■ When in a proceeding to establish a public road the sole question presented on appeal is that of damages, and the right to take land for such public use is not in dispute, title to real estate is not involved so as to give this court jurisdiction. [State ex rel. Highway Com. v. Day et al., 327 Mo. 122, 35 S. W. (2d) 37, 327 Mo. 122.] If, on the other hand, questions are raised going to the right to establish the road at all, then the title to real estate is directly involved and this court has jurisdiction of the appeal. [Reeves v. Green, 282 Mo. 521, 222 S. W. 795; Reading v. Chandler, 269 Mo. 589, 595, 192 S. W. 94; Monroe v. Crawford, 163 Mo. 178, 180, 63 S. W. 373.] The motion to dismiss the petition in the instant case clearly challenged the jurisdiction of the county court to entertain the proceeding. Hence, the appeal from the circuit court's ruling thereon is properly lodged here.

■■ Section 7827, Revised Statutes 1929, which was in effect throughout the history of this case, provides: "Applications for the establishment of all public roads, except state roads, shall be made by petition to the county court. Such petition . . . shall be accompanied by the names of all persons owning land through which said road shall run, with the amount of damages, if any, claimed by them, so far as can be ascertained, and also the names of those who are willing to give the right of way," etc. These requirements are held to be jurisdictional and failure to meet them renders the proceeding void. [Spurlock v. Dornan et al., 182 Mo. 242, 250, 81 S. W. 412; Bennett et al. v. Hall et al., 184 Mo. 407, 83 S. W. 439; County

Court of Clay County v. Baker, 210 Mo. App. 65, 72, 73, 241 S. W. 447.]

It appears from the record before us that the deed records in the office of the county recorder of deeds showed Sydney T. Williams as the owner of land through which the proposed road would run. There was evidence also that George T. Williams had been paying taxes on this land, that his name appeared in the plat books of the county as one of the owners, that he, Nellie Sand and John Williams were joint owners, and that such facts were known, in part at least, by one of the petitioners and the commissioners. But the names of none of these persons accompanied the petition, nor were they brought into the proceedings before the county court as owners of any of the land through which the proposed road would run. This jurisdictional defect was suggested in the motion to dismiss and its existence fully warranted the circuit court's action in sustaining the motion. The sufficiency of other grounds stated in the motion need not be ruled.

The judgment is affirmed. All concur.