IN RE PETITION of IDA L. THOMAS ET AL. v. GUS CRAGHEAD, Appellant.—58 S. W. (2d) 281.

Division Two, March 3, 1933.

212

*Irwin & Bushman* for appellant.

FITZSIMMONS, C.—This case comes to the writer by reassignment. It originated in the County Court of Callaway County upon the petition of respondents Thomas et al. for the establishment of a public road in that county. The Kansas City Court of Appeals transferred the appeal to this court for the reason that title to real estate is directly involved. [Thomas v. Craghead (Mo. App.), 22 S. W. (2d) 1057.]     The question of title was raised by the contention of appellant Craghead that the Circuit Court of Callaway County,

to which Craghead and others appealed from the judgment of the county court establishing the road, acted outside of its jurisdiction in establishing a road which did not conform to the road described in the petition filed in the county court or to the road laid out by the county survey or under the order of the county court. When the legality of the proceedings to condemn land for a public road becomes an issue, title to real estate is involved and this court obtains jurisdiction of the appeal. [Munroe v. Crawford, 163 Mo. 178, 63 S. W. 373.]

The appeal before us for decision is from the order of the Callaway Circuit Court overruling appellant's motion, filed September 5, 1928, during the September Term, to set aside and vacate its judgment establishing the road, entered February 27, 1928, at the February Term. The grounds of the motion were that the judgment of the circuit court was entered upon the purported consent, recited in the judgment, of all parties in interest, petitioners and objectors, whereas, appellant Craghead charged in his motion, neither he nor his original counsel in the county court and circuit court proceedings had any knowledge of the agreement for the consent judgment; they did not in fact consent to the judgment and did not have any knowledge of it until long after its entry. The motion further alleged that, by reason of the representations of consent, the court was deceived and was caused to enter an erroneous judgment and appellant Craghead "was deprived of the due process of law to his great injury and damage." Appellant accordingly moved the court "to set aside said judgment and to modify the same insofar as this petitioner is concerned and to reinstate said cause for trial upon the docket of the court, especially with reference, and insofar as the same effects this petitioner, and his lands," etc. Respondents traversed appellant's motion by a pleading which they called a reply and which denied generally the allegations of the motion and also charged that upon its face the motion showed that appellant was not entitled to the relief asked.

■ I. The circuit court conducted a hearing upon the issues raised by these pleadings, and then overruled appellant's motion. On the question of fact whether appellant Craghead consented to the entry of judgment, we are of opinion that the testimony, fragmentary though it be, and mostly made up of conversations on the streets of Fulton, the county seat of Callaway County, was sufficient to warrant action of the trial court. The road, about one-half mile long, was designed to give a public outlet to certain lands. Among these were the farms of appellant Craghead and respondent Ida L. Thomas. The Commissioners, appointed by the county court, allowed Craghead $50 damages. He and W. H. Harris and E. W. Erdman and Earl

Smart appealed to the circuit court. At the first trial, had before a jury, in September, 1927, damages in the sum of $50, the same amount allowed in the county court, were awarded to Craghead. The circuit court thereupon ordered the road opened and assessed one-third of the costs against Craghead as a losing exceptor. A new trial was granted and thereafter negotiations looking to a settlement were conducted from time to time. Out of these negotiations resulted the judgment of February 27, 1928, purporting to be by consent. The attorneys for the parties to the controversy in the circuit court were Messrs. J. R. Baker, for the petitioners; N. T. Cave, for W. B. Harris, E. W. Erdman and Earl Smart, objectors, and T. A. Faucett for appellant Craghead.

The evidence is undisputed that, in the negotiations leading up to the consent judgment, Harris and Erdman, who owned one farm, contended for greater damages and Smart objected to the course which the road took across his farm. Petitioners adjusted these differences. The damages to Harris and Erdman were increased to a satisfactory amount and the course of the road through Smart's farm was changed by agreement. Smart in turn waived damages, although he had been awarded them in the county court and in the first trial in the circuit court. There was testimony tending to prove that Craghead's principal grievance against the first circuit court judgment was the assessment against him of one-third of the costs. Mr. Baker, attorney for the petitioners, having adjusted the differences with the other objectors, met Mr. Craghead on the streets of Fulton and offered to have all costs assessed against the petitioners, and damages of $50 awarded to Craghead. Baker understood Craghead's answer to be an acceptance of this proposition and the consent judgment was drafted accordingly, giving expression to the settlements made with all the objectors. Craghead at the hearing denied that his complaint was against the assessment of costs. He insisted that he wanted and demanded more damages. He also differed with Mr. Baker as to the conversation between them about settlement. But the conflict of testimony was for the decision of the court below.

There was other testimony tending to sustain the fact of Craghead's consent to the judgment. For instance, Craghead testified that during the February Term and a few days after the entry of judgment, a neighbor informed him of the judgment by consent. Several witnesses testified that Craghead had knowledge of the pendency of the negotiations for settlement and of the agreement which petitioners made with Craghead's neighbor Smart at the time of compromise. Attorney Faucett, who did not represent Craghead upon the motion to set aside the consent judgment, testified that during the February Term and a few days after the entry of the consent judgment, he telephoned Mr. Cave with a view to have the case set down for trial.

Mr. Cave answered that the case had been settled, and he stated the terms so far as they concerned Mr. Craghead. Mr. Faucett replied: "That is all right with me," and said no more about it. Mr. Faucett was in court a number of times, when the case was discussed and he testified he had the impression from Mr. Craghead that the latter was willing to accept $50 damages provided that he did not have to pay any costs. Other witnesses had the same impression. These statements of Mr. Craghead and of Mr. Faucett are inconsistent with the allegation of the motion that they did not know that the judgment was to be entered until long after it had been rendered.

■ II. Although the motion to set aside the judgment was cast upon the want of knowledge of or consent to its entry, and did not allege any other specific grounds, appellant in his motion for a re-hearing upon the original motion, assigned as error that "the finding of the court sustaining the judgment heretofore rendered was without jurisdiction for the reason that the road as established did not conform to the road described in the petition or the road laid out by the county surveyor under directions of the county court." The nonconformity was in the course of the road over Earl Smart's farm. The beginning and termination of the road and its course except over Smart's farm was as originally established. We have grave doubt that appellant can question the jurisdiction of the circuit court to render the judgment under examination upon the ground that the course of the road through Earl Smart's farm, as established by the judgment, departed from the course defined by the county court. Smart consented to the change and he abated his claim for damages in consideration of the change. In other words the change of the course was but a mode of adjusting the damages asserted by Smart. The alteration of the course in this one instance and under the cir-cumstances narrated was not a departure from that substantial com-pliance with the statutory requirements which is all that the law demands. If appellant consented to the judgment, and the circuit court by overruling the motion so held, then appellant consented to the entire judgment which not alone fixed damages of property owners but declared the course of the road and disposed of all issues. Ap-pellant is inconsistent in his attitude toward the jurisdiction of the circuit court. If the court lost its jurisdiction by attempting by its judgment to establish a new course over Smart's farm, the judgment should fail in its entirety. Yet appellant, in his motion, merely prays that the judgment be vacated as to himself. In other words he would have the judgment to stand as to Smart, notwithstanding the plea of its invalidity insofar as it pertains to Smart.

But we do not feel called upon to determine the question of the jurisdiction of the circuit court, even though we might do so, for

the reason that the motion to set aside and vacate the judgment did not raise this issue. This court has held in several cases that a motion filed after the term at which a judgment was rendered to vacate the judgment either for irregularities on the face of the record or for matters *de hors* the record is of the nature of an independent proceeding and that the order made by the court upon such a motion is an order from which an appeal lies. [Audsley v. Hale, 303 Mo. 451, 261 S. W. 117; State ex rel. v. Riley, 219 Mo. 669, l. c. 695, 118 S. W. 647; Scott v. Rees, 300 Mo. 123, 253 S. W. 998; Shuck v. Lawton, 249 Mo. 168, 155 S. W. 20.] Such a motion is in the nature of a pleading and therefore it is part of the record proper and does not have to be preserved in a bill of exceptions. [Scott v. Rees, supra.] Because it is a pleading, and an unusual one, available only in extraordinary situations and in the nature of an independent proceeding, it should set forth the movant's cause of action by a plain and concise statement of the facts, after the manner of a petition in an original action. Want of jurisdiction of a court to render a judgment is one of the most important grounds of attack upon the judgment by motion filed after the term. In the circumstances of this case it should have been pleaded.

III. We are not unmindful that Section 7840, Revised Statutes 1929, defining the proceedings in the county court for the establishment of a public road and giving to objectors the right of appeal to the circuit court on the issue of damages also provides that "the judgment of the circuit court, or judge thereof in vacation, in said cause shall not be reviewed on appeal or by writ of error." But it should be apparent that upon this appeal there is not before us for review the judgment of the circuit court in the sense contemplated by the statute.

IV. Finding no reversible error, the judgment of the circuit court is affirmed. *Cooley* and *Westhues, CC.*, concur.

PER CURIAM:—The foregoing opinion by FITZSIMMONS, C., is adopted as the opinion of the court. *Ellison, P. J.*, and *Tipton, J.*, concur; *Leedy, J.*, not sitting.