COUNTY OF ST. LOUIS, MISSOURI, CLIFFORD CORNELI, HENRY MUELLER and HENRY W. J. ROTT, Judges of the County Court of St. Louis County, comprising the County Court of St. Louis County, Missouri, Appellants, v. LENA BENDER, Respondent.—No. 37989.— 169 S. W. (2d) 889.

Division One, March 2, 1943.

Rehearing Denied, April 6, 1943.

*Erwin Vetter* for appellants.

*Henry C. Stoll* and *J. E. Higgins* for respondent.

GANTT, J.—Action to enjoin the defendant from interfering with county employees who seek to condition for use, to a width of sixty feet, Sappington-Barracks Road in St. Louis County. The road existed as a trail or pathway through "timber country" from time immemorial. For many years it has been used to a width of forty feet. In 1941 the county proceeded to condition for use ten feet of the ground on each side of the forty feet used as a public road. Defendant owner of abutting property claims the road is only forty feet in width. The county claims the road is sixty feet in width. On

county employees entering upon the ten foot strip of land adjacent to defendant's property, title to which is in controversy, defendant ordered them from the strip and threatened them with violence. Thereupon the county sought relief by injunction. The trial chancellor found that the controverted strip of land was not a part of the public road and dismissed plaintiffs' bill for an injunction. From this order plaintiffs have appealed.

The road was formally established as a public road in 1849 under the Laws of Mo. 1844-45, p. 343, as amended by the Laws of Mo. 1848-49, p. 592. The Laws of Mo. 1844-45 required a road to be "a necessary width not exceeding sixty feet." (p. 344.) This was amended to require a road to be at least sixty feet wide, with the provision that any portion of the road may be eighty feet wide in the discretion of the county court. [Sec. 8, Laws of Mo. 1848-49, p. 592.] There is no question of adverse possession, waiver or abandonment presented by the record.

Furthermore, the proceedings in the county court, prior to the report of the commissioners on the establishment of the road, are not challenged. In other words, the court had jurisdiction of the case. [Seafield v. Bohne, 169 Mo. 537, 546, 551, 69 S. W. 1051.] Even so, defendant contends that the failure of the commissioners to expressly state in their report the width of the road authorizes a collateral attack on the judgment establishing the road. Thus it appears that the only question presented by the record is whether or not the then owners of the land had notice of the extent to which their land would be appropriated for public use.

Of course, the judgment of the court is based upon the report of the commissioners and the statute fixing the width of the road. The report submitted to the court a survey and plat of the proposed road showing the location. The certificate of the commissioners to the report follows:

"We certify that we caused the above survey to be made and that there was no objection offered by any proprietor to the location of the road as thus surveyed. And we therefore recommend that the same be established as a public highway. By order of the county court dated the 17th day of October, 1849."

On December 18, 1849, judgment was entered on the report as follows:

"Jesse Stoner and Dolph Conlin a majority of the Commissioners appointed by the Court on the Seventeenth day of October, 1849, to mark and lay out a road from the road leading from St. Louis to Fenton at or near the corner of the North lines of the lands of Tyre Sappington and John Sappington Sen. and running thence East the nearest and most practicable route to Jefferson Barracks, this day appear in Court with their report in the premises accompanied by a map of the survey of said road as laid out by them, which report

being read in open court and no objections being made to the establishment of said road the report of said Commissioners is approved and it is ordered that the said road be declared a public highway in conformity to the survey thereof, and opened to the width of sixty feet.''

It is admitted that both the survey and plat accurately fixed the center line of the road. Of course, the then property owners had statutory notice that the road must be at least sixty feet in width. Furthermore, it is not conceivable that they would consent to the establishment of the road without actual knowledge of the width of the proposed road. It must be inferred that they had such knowledge. If so, the judgment of the court fixing the width of the road at sixty feet did not take from the then owners any land without lawful notice. Furthermore, the commissioners certified that, under order of ▋▋▋ the court, they located the road. They could not have done so without laying out and marking the same.

Furthermore, the assumption by certain county surveyors that the road was only forty feet in width is of no consequence in determining the above stated question of notice presented by the record.

It follows that the judgment should be reversed and the cause remanded with directions to enter judgment permanently enjoining the defendant from interfering with conditioning the controverted ten foot strip of ground for use as a part of the public road. All concur.