The CITY OF ST. LOUIS, a Municipal Corporation, Appellant, v. BUTLER COMPANY, a Corporation, ET AL., Defendants; TRINIDAD ASPHALT MANUFACTURING COMPANY, a Corporation, Respondents.—No. 40868.—219 S. W. (2d) 372.

Court en Banc, April 11, 1949.

*George L. Stemmler, James B. Steiner,* and *Oliver T. Johnson* for appellant.

*Greensfelder, Hemker & Wiese, Kent Chappelow,* and *Mark Gale* for respondent.

[373] ELLISON, J.—This is a condemnation suit brought by the appellant City of St. Louis to condemn for use as an alleged public street a strip of land forming a cul-de-sac and known as Edward Street, from the south line of Market Street to the north line of the right of way of the Wabash Railroad Company. On the defendants' side of the case only the Asphalt Company appears here. At the outset it must be determined whether this court has appellate jurisdiction of the cause under Art. V, Sec. 3, Const. Mo. 1945, on one or another of three theories, or whether that jurisdiction is in the St. Louis Court of Appeals. These questions are:

(1) whether the City was acting merely as a municipal corporation in bringing and prosecuting the suit, or was acting in its capacity as a *county* under Art. VI, Sec. 31;

(2) whether the title to real estate is *involved* within the meaning of Art. V, Sec. 3;

(3) whether a constitutional question was raised below and kept alive, so as to make this court the appellate forum under Art. V, Sec. 3. Appellant maintains such a question was raised by its contention that the contemplated condemnation is for *public* use [which can be done, under Art. 1, Sec. 26] as opposed to the respondent's contention that it is for a *private* use [which cannot be done, with specified exceptions, under Art. 1, Sec. 28, and Art. XIV, Sec. 1, Const. U. S.]

This appeal was first lodged here in Division 2, and an opinion by Tipton, P. J. was adopted holding this court did not have appellate jurisdiction on either the first or second ground stated above. As to the third ground, the opinion held that assuming but not deciding a constitutional question had been properly raised in the trial court, nevertheless it had not been preserved in appellant's motion for new trial or in the briefs here, in consequence of which it was not before this court. But inasmuch as the opinion conflicted with certain decisions of Division 1 and the court en banc as to the second ground, supra, the case was transferred to the court en banc to resolve these conflicting views. The appellant's brief here stresses the third ground of jurisdiction, and since the opinion of Division 2 did not decide it, the cause was reassigned for a new opinion to cover it, if justified.

As to the first ground, supra, we think it is clear that the City is acting as a municipal corporation and not as a county, in maintaining this suit. Art. VI, Sec. 31, Const. 1945 recognized St. Louis both as a city and as a county. But this suit is based on its charter powers as a city. Art. V, Sec. 3, gives this court appellate jurisdiction in civil cases only when the City is a party in its character as a county. We therefore hold that we have no appellate [374] juris-

diction on this first ground, and that the divisional opinion was properly ruled on that point. Superior Press Brick Co. v. City of St. Louis (Mo. Div. 1) 152 SW. (2d) 178, 179(2); Lovins v. City of St. Louis, 336 Mo. 1194, 84 SW. (2d) 127.

As to the second ground, supra, we hold the title to real estate is not *involved*, though it may be *affected* by the outcome of the instant condemnation suit; and that the divisional opinion was properly ruled on that point under Art. V, Sec. 3, supra. That ruling was based on Nettleton Bank v. Estate of McGauhey, 318 Mo. 948, 952, 2 SW. (2d) 771, 774-5(7, 8, 12), decided in Division 1, and Mo. P. & L. Co. v. Creed, 325 Mo. 1194, 1196(2), a unanimous decision of the court en banc. The latter adjudicated the exact point and overruled four prior decisions[1] of this court to the contrary. The reason given in one of these overruled decisions, the Moberly case, where an easement over land was condemned, was that the landowner's right to the use and exclusive possession of the land was either lessened or taken away, and his interest thereby *affected*.

The Creed case, supra, has been followed in three decisions.[2] One of them, the Day case, held a condemnation suit prosecuted for the purpose of determining the amount of damages due the landowner, does not involve the title to real estate except incidentally, *unless* the question of *public use* be drawn into the proceeding. And since shortly thereafter a line of eleven decisions[3] has been rendered, holding that if the plaintiff's *power* to make the condemnation is challenged in the suit, title to real estate is involved in a constitutional sense, and appellate jurisdiction will be in this court. The first of these decisions[3] was the Gordon case, written by Ragland, C. J., who had also written the Day case just a month earlier. But the Gordon case cited no precedent.

The Richter case was not based on the Gordon case, but on the Tarkio case,[1] which had been overruled in the Creed case. The

[1] State ex rel. Pulley v. Thompson, 306 Mo. 239, 267 SW. 605; Springfield Sw. Rd. Co. v. Schweitzer, 246 Mo. 122, 151 SW. 128; Moberly v. Lotter, 266 Mo. 457, 464, 181 SW. 991; City of Tarkio v. Clark, 186 Mo. 285, 294, 85 SW. 128.

[2] State ex rel. Piepmeier v. Camren (Mo. Div. 2) 33 SW. (2d) 913; State ex rel. Highway Com. v. Carroll (Mo. Div. 1) 34 SW. (2d) 74; State ex rel. Highway Com. v. Day (banc) 327 Mo. 122, 125(1), 35 SW. (2d) 37, 38(2, 3).

[3] State ex rel. State Highway Com. v. Gordon (banc) 327 Mo. 160, 163(3), 36 SW. (2d) 105, 106(4); Richter v. Rodgers (Div. 1) 327 Mo. 543, 550, 37 SW. (2d) 523, 526(1); Mitchell v. Nichols (Div. 1) 330 Mo. 1233, 1236(2), 52 SW. (2d) 885, 886(1); Thomas v. Craghead (Div. 2) 332 Mo. 211, 212(1), 58 SW. (2d) 281(1); State ex rel. Palmer v. Elliff (Div. 2) 332 Mo. 229, 231(1), 58 SW. (2d) 283, 284(1); City of St. Louis v. Franklin Bank (Mo., Div. 1) 98 SW. (2d) 534(2); Consolidated School Dist. v. O'Malley (Div. 1) 343 Mo. 1187, 1189(1), 125 SW. (2d) 818, 819(1); State ex rel. State Highway Com. v. Union Elec. Co. (Div. 1) 347 Mo. 690, 694(1), 148 SW. (2d) 503; City of Kirkwood v. Venable (Div. 1) 351 Mo. 460, 463(1), 173 SW. (2d) 8, 10(1); Hall v. Gernhardt (Mo. Div. 1) 171 SW. (2d) 669, 671(2); Welch v. Shipman (Div. 1) 357 Mo. 838, 840, 210 SW. (2d) 1008, 1009(1).

Mitchell, Thomas, Franklin Bank, School District and Kirkwood cases, all followed the Gordon case, and held if the *right* to establish a public road is challenged [not necessarily on constitutional, but even on statutory grounds] title is involved and appellate jurisdiction is in this court. The Palmer case held the condemnation of a highway easement over land would directly take from the owner that much of his title, and therefore involve title, thus following (but not citing) the overruled Moberly case.[1] The Hall and Welch cases followed the Palmer case. In the Union Electric case that company claimed an award of $3150 damages in a condemnation proceeding on the theory that it owned the fee title to the land condemned, and the court ruled it was not entitled to the money because it did not have any interest in the land. Held: title to real estate was involved, and this court had appellate jurisdiction.

All these decisions[3] are wrong and should be overruled on the jurisdictional point, in the opinion of the writer. As held [375] in the Creed case, quoting from the Nettleton Bank case, the title to real estate is not involved in any case in a constitutional sense under Art. V, Sec. 3, Const. Mo. 1945, and Art. VI, Sec. 12, Const. 1875, unless it be directly, and not collaterally, in issue. In a condemnation suit the plaintiff does not dispute the landowner's antecedent title. On the contrary he affirms it. That is the reason the owner is made a defendant. The object of the suit is to subject the land *as* his to a public use by condemnation under our Constitution and statutes. True, a condemnation suit does take part (or sometimes all) of the landowner's title and gives it to the condemnor for just compensation. But it does not follow that the title is in issue. It was always subject to that paramount right emanating from the Government. The issue is on the *right* to *take* all or a part of a *conceded* title in the particular case and on the compensation to be paid. It is analogous to the enforcement of a lien.

We have consistently held, ever since the adoption of the Constitution of 1875, that suits to foreclose mortgage, tax, mechanics' and other similar liens, voluntary or involuntary, do not involve title in a constitutional sense, even though the foreclosure there also may culminate in the taking of a part or all of the landowner's title. And it would not be asserted by anyone that if the lienholder's right or power to foreclose his lien is disputed and made an issue in the case, title would be "involved" in such sense as to give this court appellate jurisdiction.

The third ground for the appellant City's contention that this court has appellate jurisdiction under Art. V, Sec. 3, Const. 1945, necessitates the decision of two questions: whether a construction of the Federal and State Constitutions is involved; and whether the point has been sufficiently preserved for review. Before discussing them further facts must be stated.

The City's petition for the condemnation alleged the strip of land would be taken for use as a public street, pursuant to an ordinance. On the return date of the summons the respondent contemporaneously filed an answer and a motion to dismiss on the ground that the petition failed to state a claim upon which relief could be granted. The filing of both at once was permissible under Sec's 62 and 66 of the Civil Code. The answer alleged the strip of land was not subject to condemnation and that the condemnation would be null and void, as shown on the face of the petition and attached plat, because the proposed street would be a cul-de-sac solely for private use, "in violation of its constitutional rights under the Constitution of the United States and the State of Missouri." The motion said it would be null and void "under the applicable provisions of the Constitutions of the United States, State of Missouri" and the City Charter, which latter also provided for the condemnation of private property for public use. Neither the answer nor the motion cited any article or section of either Constitution.

Under Sec. 69 of the Civil Code the trial court held a hearing on the motion, at which the respondent introduced oral testimony and documentary evidence verifying respondent's contention that the strip of land would be a cul-de-sac terminating at the north property line of the Wabash Railroad; and that part of the strip had formerly been a private road and had been abandoned as such. The railroad land was shut off by a gate and there were tracks on it, but no buildings. The City did not dispute this evidence, but objected that it was immaterial.

The trial court sustained the motion to dismiss by a general order without specifying its reasons, or whether it was ruling under the State and Federal Constitutions or the Charter. The appellant City filed a motion for new trial which made only general assignments of error. The most specific ones were that the trial court's sustention of the motion was against "the law that a cul-de-sac is a public highway," and "the law that a public highway is a public use." No mention is made of the constitutional questions. The City's brief here in Division 2 invoked our jurisdiction merely by quoting the aforesaid statement in respondent's motion to dismiss below, that the condemnation is void under the "applicable" provisions of the Federal and State Constitutions, leaving out the reference to [376] the Charter. Only in a supplemental typewritten brief recently filed in banc has the City stated that the "applicable" provision of the State Constitution is Art. 1, Sec. 28, Const. 1945.

We concede that the appellant City is not debarred from raising the constitutional question merely because it took the negative side thereon below. It was the respondent who invoked it and was success-

ful thereon—if the trial court decided the case on that ground. But even so, the City was the losing party and could raise it on appeal.[4]

■ However, granting that, we think the facts set out in the second preceding paragraph show the appellant did not preserve the constitutional question for review because it failed to comply with the following requirements. It has long been the law that the question must be raised at the first available opportunity: Woodling v. Westport Hotel Operating Co., 331 Mo. 812, 819(2), 55 SW. (2d) 477. The sections of the Constitution claimed to have been violated must be specified: Robinson v. Nick, 345 Mo. 305, 309(5), 134 SW. (2d) 112, 115 (11). The point must be presented in the motion for new trial, if any: Red School Dist. v. West Alton School Dist. (Mo. Div. 2) 159 SW. (2d) 676, 677(2). And it must be adequately covered in the briefs: McGuire v. Hutchinson, 356 Mo. 203(4), 201 SW. (2d) 322, 327(8).

■ It seems clear in this case that the appellant City did not raise the constitutional question negatively at the first opportunity. And it did not specify the section of the Constitution claimed by respondents to have been violated, until about a month ago in an amended reply. Very rarely we have waived the requirement of the Robinson-Nick case, supra, that the invoked section of the Constitution must be specified by article and section number. We did that in the Dye case, supra,[4] where the vital opening part of a constitutional provision of general application [Sec. 12, Art. X, Const. 1875] was practically quoted, and it was stipulated the constitutional question had been raised below. Another similar recent decision is City of St. Louis v. Friedman (Mo. Div. 1) 216 SW. (2d) 475, 477(3). But in the instant case the respondent's answer merely said the condemnation would violate its rights under "the Constitution of the United States and the State of Missouri," and its motion to dismiss stated the condemnation would be void under "the applicable provisions" of those Constitutions. There was no effort to point out any particular provision, and appellant did not do so.

We are unwilling to say that merely because the case involves a question of eminent domain we should treat these vague references to the Constitution as referring to Sec's 26 and 28, Art. I, Const. 1945, on the same subject—especially since the trial court's order did not state whether it was ruling on the constitutional question or not. We think we should not depart from the practice now in force. Its purpose has not been alone to insure that we *understand* the exact constitutional question presented. A further purpose has been to

---

[4]Dye v. School District, 355 Mo. 231, 235(1), 195 SW. (2d) 874, 875(3); Lux v. Milwaukee Mechanics' Ins. Co. (Mo. Div. 2), 285 SW. 424, 425(2); Hanlon v. Pulitzer Pub. Co., 167 Mo. 121, 123(2), 66 SW. 940; Killian v. Brith Sholom Congregation (Mo. App.) 154 SW. (2d) 387, 393(2).

prevent "afterthoughts" on appeal—the raising of new issues which had not been presented below on questions of such dignity and importance.

If the foregoing views be correct, no constitutional question is presented on this record unless it *inheres* in the case notwithstanding the point was not properly raised below and preserved. This doctrine of inherency is based on four early cases in this State.[5] In the first of these, the Mulholland case, it was held that where a cause is submitted on an agreed statement of facts, a question on the validity of an ordinance as violating "vested rights" may be raised for the first time in the appellate court without further or more definite [377] statement, because the solution of that question necessarily required a construction of the Constitution.

In the second, or Smith case, the question was whether the Board of Police Commissioners of Kansas City had the power to discharge a policeman. That in turn depended on whether the Charter of the City or certain General Statutes were controlling. The Court of Appeals held on a comparison of the two that the statutes governed. This court, on mandamus, ordered the record sent up on the ground that a *correct* interpretation of the statutes could only be reached by consulting the Constitutional provisions authorizing the adoption of the Charter. Later this court decided the cause on the merits, State ex rel. Goodnow v. Police Comr's, 184 Mo. 109, 127, 132, 71 SW. 215, and held the Court of Appeals decision (80 Mo. App. 206) was correct.

The third case was State ex rel. Curtice v. Smith, 177 Mo. 69, 87, 94-5, 75 SW. 625, decided in 1903. It involved paving taxbills in Kansas City. This also was on mandamus from this Court to the judges of the Court of Appeals. The question was whether the defendant property owners could make any defense to taxbills, in view of Sec. 23, Art. 9 of the City Charter depriving them of that right if they failed to object within 60 days after issuance of the taxbills. The Court of Appeals held that provision did not apply where the taxbills were *void*, but only where there was some irregularity in them. This court held the Court of Appeals could not decide the case without determining whether Sec. 23, Art. 9 of the Charter was unconstitutional.

The fourth case was McGrew v. Mo. Pac. Ry. Co., 230 Mo. 496, 511, 612(1), 132 SW. 1076, 1079 1113-4, decided in 1910, which stated that where a plaintiff's cause of action is founded upon a statute, the constitutionality and life of the statute are involved from the start to the finish, and may be challenged by the defendant "at any time

---

[5]State ex rel. Mulholland v. Smith, 141 Mo. 1, 10(1), 41 SW. 906, 908(1); State ex rel. Smith v. Smith, 152 Mo. 444, 448(1), 54 SW. 218, 219; State ex rel. Curtice v. Smith, 177 Mo. 69, 87, 94-5, 75 SW. 625, 632(2, 3); McGrew v. Mo. Pac. Ry. Co., 230 Mo. 496, 511, 612(1), 132 SW. 1076, 1079, 1113-4(1).

and in any court until the final end of the case." But that decision was questioned and distinguished in the Syz case, infra,[7] and was overruled on the merits in McGrew Coal Co. v. Mellon, 315 Mo. 798, 810(4), 287 SW. 450, 455(8).

There are numerous cases where this court raised a constitutional question sua sponte, negatively, to protect the jurisdiction of the Courts of Appeals, and to *disclaim* our own. And there are several decisions where we already had original or appellate jurisdiction, and raised and decided a constitutional question affirmatively, as in the Wells and Bass cases,[6] both of which were based on original writs. Likewise in the State Building Commission and Massey-Harris cases,[6] a constitutional question had been squarely raised, but we nevertheless said the questions at issue were inherent—in the latter on a question of statutory construction.

[378] On the other hand, there are at least seventeen decisions[7] where the doctrine of inherency has been recognized as existing in "rare" cases, but it was not followed in any of them. And there are scores of other decisions specifying the strict and detailed requirements heretofore set out, and saying they must be followed in raising and preserving a constitutional question to give us appellate jurisdiction.

Further, there is one case which holds a constitutional question may be *waived* in a road condemnation proceeding if not raised in the trial court. The following was said in Seafield v. Bohne, 169 Mo. 537, 551-2(9), 69 SW. 1051, 1055: "There is much force in the argument of learned counsel for plaintiff that a county court ought not to be allowed to take private property under the guise of taking it for public use, when in fact it is only for the convenience of private per-

---

[6]State ex rel. Wells v. Walker, 326 Mo. 1233, 1245, 1249, 34 SW. (2d) 124, 132-3; Ex parte Bass, 328 Mo. 195, 201, 40 SW. (2d) 457, 460(4); State ex rel. State Building Commission v. Smith, 336 Mo. 810, 813(1), 81 SW. (2d) 613, 614(2); The Massey-Harris Harvester Co. v. Federal Reserve Bank, 340 Mo. 1133, 1138-9(1, 2), 104 SW. (2d) 385, 387, 388(1, 2), 111 A. L. R. 133.

[7]Kirkwood v. Meramec Highlands Co., 160 Mo. 111, 118, 60 SW. 1072, 1074—end; State ex rel. Hobart v. Smith, 173 Mo. 398, 420-1, 73 SW. 211; State ex rel. K. C. Loan Guar. Co. v. Smith, 176 Mo. 44, 47-8, 75 SW. 468; State ex rel. Horton v. Bland, 186 Mo. 691, 701, 85 SW. 561, 564; City of Excelsior Springs v. Ettenson, 188 Mo. 129, 132-3, 86 SW. 255; Lohmeyer v. St. L. Cordage Co., 214 Mo. 685, 690, 113 SW. 1108, 1110; Street v. School Dist. St. Joseph, 221 Mo. 663, 671, 120 SW. 1159, 1162; Sheets v. Iowa State Ins. Co., 226 Mo. 613, 618-9, 126 SW. 413, 414; Strother v. A., T. & S. Fe. Ry. Co., 274 Mo. 272, 281-5, 203 SW. 207, 208-11; Kircher v. Evers (Mo. Div. 1) 238 SW. 1086, 1087; State ex rel. Schuler v. Nolte, 315 Mo. 84, 90-1, 285 SW. 501; Syz v. Milk Wagon Drivers' Union, 323 Mo. 130, 135-7, 18 SW. (2d) 441, 444; Lieber v. Heil, 325 Mo. 1148, 1150, 30 SW. (2d) 143, 144(1); Schildnecht v. City of Joplin, 327. Mo. 126, 129-130; State ex rel. Rose v. Webb City, 333 Mo. 1127, 1130-2(1-4), 64 SW. (2d) 597, 598-9(2-7); State v. Williams, 337 Mo. 987, 988-9(1), 87 SW. (2d) 423, 424(1-3); State ex rel. Mo. Elec. Pr. Co. v. Allen, 340 Mo. 44, 49(1), 50(3), 100 SW. (2d) 868, 870, 871(2).

sons who are willing to pay for it. Such an act would be an abuse of power and would violate a constitutional property right. But when private property rights are threatened it is the duty of the owner to avail himself of the process of law for his protection, and if he stands by and allows a court in the exercise of its rightful jurisdiction to decide questions of law or of fact contrary to the correct interpretation of the one or to the weight of the evidence as to the other, and neglects the means at hand to correct the error, he cannot afterwards treat the whole proceedings of the court as a nullity."

That case has been followed three times by decisions of this court, and the last sentence of the above quotation was repeated in this second of these decisions: State ex rel. United Rys. Co. v. Wiethaupt, 231 Mo. 449, 470(7), 133 SW. 329, 335(8); Howell v. Jackson County, 262 Mo. 403, 413(4), 171 SW. 342, 344-5(3); County of St. Louis v. Bender, 350 Mo. 1051, 1054(1), 169 SW. (2d) 889, 890(1).

The Syz, Rose and Mo. Elec. Pr. Co. decisions, supra,[7] speculated that the theories on which the inherency doctrine has been applied (where it was); are: that when the decision of a constitutional question is *essential* to the determination of a cause, or when there was only a *single* issue, it will be *assumed* the trial court did pass on it. But neither of these theories is sound. We cannot assume a fact which the record shows is not a fact, or even fails to show is a fact. Nor will it make any difference whether there was only one or more than one issue below. If the constitutional question was not raised and preserved in the trial record it cannot be in the case on appeal, since our appellate jurisdiction is derivative and so limited by the Constitution. When we wrongfully accept it on *the unraised constitutional ground this court is violating the Constitution as much as the litigants. The doctrine of inherency therefore is unconstitutional. We have erred in preserving for forty years (nearly) the fiction of an appellate jurisdiction based on an inherent constitutional question not raised below, without applying it in a single case.

The objection here urged does not apply when we already have original jurisdiction, or appellate jurisdiction on other [379] grounds, and decide a constitutional question affirmatively, sua sponte, as in the Bass and State Building cases, supra.[6] For in those circumstances we are not lifting ourselves jurisdictionally by our own bootstraps.

Further, the mere fact that Sec's 26 and 28, Art. I of our Constitution, and Art. XXI, Sec. 1 of the St. Louis Charter all use the *same words* "public use", and that Sec. 28 of the Constitution also uses the antithetical words "private use", does not make a constitutional question inhere in a case. Would we be willing to say we have inherent appellate jurisdiction in *all* instances where a statute adopts constitutional language? No doubt there are a great many such instances.

Another reason why the inherency doctrine cannot be invoked in this case is that the City's cause of action is not based on the Constitution, but directly upon its Charter. It was recently held by the court en banc in State ex rel. Highway Com. v. James, 356 Mo. 1161, 1165 (1), 205 SW. (2d) 534, 535(3), that constitutional "provisions defining the purposes for which condemnation may be had are not self-enforcing in the sense that they may be enforced by courts *except to the extent and in the manner provided by statute.*" (Italics ours). That being true, the City of St. Louis could not have brought the suit if the Charter had not authorized it. While the Charter uses the same words "public use" as the Constitution, yet it is a construction of those words *in the Charter* which is primarily involved.

Respondent's position therefore must be either that the contemplated use is not a public use, and consequently violates the Charter— which is a pure question of statutory (or Charter) construction, Bealmer v. Hartford Fire Ins. Co., 281 Mo. 495, 504-5(4), 220 SW. 954, 957(3); or else it must be that the Charter erroneously permits the contemplated use and thereby violates the Constitution. That would be a question of constitutional construction. But respondent's answer and motion to dismiss pleaded that the contemplated condemnation violates *both* the Charter and the Constitution. That being true, the two mean the same thing on the question at issue, and it is not *necessary* to invoke the Constitution even to arrive at the meaning of the Charter. For respondent has taken a definite position on that question, namely, that a cul-de-sac is not a public use within the meaning of the Charter.

We are not holding the respondent could not have made the double contention here that the contemplated condemnation violates *both* the Charter and the Constitution, if the constitutional question had been properly raised below—and, of course, kept alive. But to assert that a constitutional question is *inherently* involved though not raised below, is an entirely different matter. That contention would go even further than the four early decisions, supra.[5] They held, in effect, that where a Charter (or statute) needs extrinsic aid to construction, and it is necessary to construe the Constitution to determine the meaning of the Charter, then the constitutional question is inherent. But here respondent does not contend the Charter provision, Art. XXI, Sec. 1 is ambiguous. On the contrary it has asserted throughout that the words "public use" in both the Constitution and the Charter have the same meaning, and stated what that meaning is.

Furthermore, respondent cannot validly make the contention that *if* the Charter means a cul-de-sac can be condemned, *then* it is unconstitutional. On the contrary, respondent's position must be that the Charter "is unconstitutional whatever it means and under any con-

struction of which it is susceptible."[8] [380]. We need not inquire whether that is still the law under the new Civil Code [Laws Mo. 1943, pp. 370-1, Sec's 37, 38, 42; Mo., R. S. A. Sec's 847.37, 38, 42], which permits a litigant to join independent, alternative and hypothetical claims in one pleading. For no such constitutional question was properly raised and decided below, and preserved here.

We must have a workable legal rule in this state on the enigmatic doctrine of inherency and the only way to get it is to eliminate the doctrine. The history of our decisions during the last fifty-two years shows that confusion is worse confounded by relying upon it. The party raising or relying on a constitutional question should cite the constitutional provision relied on by article and section number, and state his reasons as held in the Robinson-Nick case, supra, 345 Mo. l. c. 309 (5), 134 SW. (2d) l. c. 115 (11), or that decision and others of like tenor should be overruled. If we take the position that the foregoing requirement need not be enforced literally, as was ruled in the Dye case, supra, 355 Mo. l. c. 236 (2), 195 SW. (2d) l. c. 876 (2), and the Friedman case, supra (Mo. Div. 1) 216 SW. (2d) l. c. 477 (3), then it will be a question for the court to decide in each case.

But certainly it should not be held a mere allegation that a given act, claim, right or statute "violates the Constitutions of the United States and the State of Missouri," or the "applicable" provisions of those Constitutions, properly raises a constitutional question. The decisions cited supra, in marginal notes 6 and 7 should be and are overruled insofar as they hold a constitutional question may inhere in a case and actually be raised in this court for the first time on appeal, thereby vesting us with appellate jurisdiction.

This cause is ordered transferred to the St. Louis Court of Appeals for want of appellate jurisdiction in this court. *Tipton, Conkling, Douglas, JJ.,* and *Leedy, C. J.,* concur; *Douglas, J.,* in separate concurring opinion in which *Tipton, Conkling, Ellison, JJ.,* and *Leedy, C.J.,* concur; *Clark* and *Hyde, JJ.,* dissent, each in separate dissenting opinion.

DOUGLAS, J. (concurring).—I concur in the principal opinion. After eliminating two other possible grounds of jurisdiction, it sets out the necessary procedural requirements for invoking the exclusive appellate jurisdiction of this court in "cases involving the construction of the Constitution of the United States or of this state." Article V, Sec. 3, Constitution 1945. It holds our jurisdiction on that ground has not been invoked.

[8] City of St. Louis v. Friedman (Mo. Div. 1), supra, 216 SW. (2d) 475, 477, citing State ex rel. Volker v. Kirby, 345 Mo. 801, 806 (4), 136 SW. (2d) 319, 321 (5); State ex rel. Clark v. West, 272 Mo. 304, 318 (4), 198 SW. 1111, 1115 (4).

█ It is now settled that the jurisdiction of this court on the ground a constitutional question is involved must appear affirmatively from the record, and it is not sufficient that such question may be inferred argumentatively from the facts stated.

To invoke our jurisdiction on the ground a constitutional question is involved a party must follow four requirements. 1. He must raise the constitutional question at his first available opportunity; 2. he must designate specifically the constitutional provision claimed to have been violated, such as by explicit reference to the Article and Section or by quotation of the provision itself; 3. he must state the facts showing such violation; 4. he must preserve the constitutional question throughout for appellate review.

The purpose of such a rule is to simplify a question which should be made as simple as can be for the speedy determination of cases on appeal. Whether an appeal goes to a Court of Appeals or to this court should not require a judicial determination, prior to and in addition to the decision on the merits.

█ Accordingly, if a party fails to observe the four requirements a constitutional question will be deemed not to have been raised, and the constitutional right waived.

Constitutional rights may be waived. DeMay v. Liberty Foundry Co., [381] 327 Mo. 495, 37 S. W. (2d) 640. Likewise, ''Constitutional provisions intended to protect property may be waived (Shepard v. Barron, 194 U. S. 553, 24 S. Ct. 737, 48 L. Ed. 1115), and in Missouri constitutional questions will be deemed waived unless raised at the earliest possible moment consistent with good pleading and orderly procedure.'' Sutton v. Anderson, 326 Mo. 304, 31 S. W. (2d) 1026.

Since the constitutional question now asserted in this court was not raised in accordance with the four requirements of such rule, our jurisdiction has not been properly invoked. Hence the case should be transferred to the St. Louis Court of Appeals. *Tipton, Conkling, Ellison, JJ.,* and *Leedy, C.J.,* concur.

█ CLARK, J. (dissenting).—I respectfully dissent from the principal opinion of Judge Ellison because I believe that a constitutional question, which only this court has jurisdiction to decide, is inherent in this appeal.

In the trial court defendant filed answer alleging that the attempted condemnation is for a private use ''in violation of its constitutional rights under the constitution of the United States and the State of Missouri and in excess of the power of plaintiff under the charter of the City of St. Louis.'' At the same time defendant filed a motion to dismiss the petition, briefly setting up the same facts alleged in the answer and stating that ''the attempted condemnation is for a private use as distinguished from a public use and is illegal, null and void under the applicable provisions of the constitution of the United

States, State of Missouri and the charter of the City of St. Louis."

After hearing evidence, the trial court dismissed the petition and plaintiff appealed. Both appellant and respondent, by their briefs and oral arguments in this court, contend that a constitutional question is involved.

Under Article V, Section 3, of our Constitution, the Supreme Court has exclusive appellate jurisdiction in all cases involving the construction of the constitution. If an appeal can be properly decided on other grounds, a constitutional question may be waived, and it will be waived by failure to timely and properly raise and preserve it. But, if an appeal cannot be decided without construing the constitution, the supreme court alone has jurisdiction to decide the case. This court cannot rightfully vest a court of appeals with power to decide a case which cannot be decided without construing the constitution. Nor can the parties, either by inaction or by positive agreement, confer jurisdiction in such a case upon a court of appeals.

To require a construction of the constitution, it is not always necessary that the constitutionality of a statute or ordinance be attacked; or that a specific provision of the constitution be pointed out in the trial court; or that a constitutional question be invoked in the trial court by the losing party. [Messenbrink v. Boudreau, (Mo. App.) 171 S. W. (2d) 728; Wooster v. Trimont Mfg. Co., (Mo. App.) 197 S. W. (2d) 710; Wooster v. Trimont Mfg. Co., 356 Mo. 682, 203 S. W. (2d) 411; Dye v. School District, 355 Mo. 231, 195 S. W. (2d) 874.]

In the instant case the trial court dismissed the petition because it believed, under the facts, that appellant is attempting to take respondent's property for a private use. Neither the city charter nor ordinance is attacked as being unconstitutional; but the case cannot be decided by a construction of the charter or ordinance. The charter authorizes the condemnation of property for public use, but, of course, it can give no different meaning to "public use" than the constitution does. The ordinance recites that respondent's property is being taken for a public use, but whether the use be public or private is a judicial question to be decided "without regard to any legislative declaration that the use is public." [Mo. Constitution, Art. I, Sec. 28.]

I think the real and only question here is one of law as to whether the attempted taking, under the proven facts, is for "public use" or "private use" as those terms are used in Article I, Section 28, of the Constitution. That involves a construction of the constitution.

To "construe" a constitution is to determine its meaning and apply it to a given set of facts. [Black's Law Dictionary; 11 [382] Am. Jur., p. 658, sec. 49; Dorrance v. Dorrance, 242 Mo. 625, 1. c. 643-647, 148 S. W. 94.]

I think we have exclusive jurisdiction of this appeal.

 HYDE, J. (dissenting). I agree that we do not have jurisdiction either on the ground that title to real estate is involved or that the city is acting as a county. However, I do think we have jurisdiction on the ground that it is a case "involving the construction of the Constitution . . . of this state." (Sec. 3, Art. V, Const.) The motion to dismiss and the answer raised only one issue, the issue of public use. Both stated that the use for which the City sought to take the land was a private use and not a public use; the motion to dismiss stating that this appeared on the face of the petition. The Court sustained the motion to dismiss. I think this sufficiently raised a constitutional question and since it is the only question in the case it is inherently involved. [See Massey-Harris Harvester Co. v. Federal Reserve Bank, 340 Mo. 1133, 104 S. W. (2d) 385.]

It is true that the motion, without specifying any provision of the Constitution, stated that "the attempted condemnation is for a private use as distinguished from a public use and is illegal and null and void under the applicable provisions of the Constitutions of the United States, State of Missouri and the Charter of the City of St. Louis." However, Sec. 28, Art. I of the Constitution provides: "That private property shall not be taken for private use with or without compensation, unless by consent of the owner . . . (except for ways of necessity, etc.) . . . and that when an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be public shall be judicially determined without regard to any legislative declaration that the use is public." I think the issue raised as to public use so clearly involves the construction of this provision of the Constitution that we should hold this constitutional question was sufficiently raised. [See City of St. Louis v. Friedman, (Mo. Sup.) 216 S. W. (2d) 475.]

I understand the principal opinion herein to concede that a constitutional question could have been raised in this case if it had been stated by defendant that taking its property would have violated Section 28 of Article I of the Constitution, because the City was taking it for a private use and if the City had thereafter stated that it was properly taking it for a public use under said section and article. Suppose that had been done. What law would have been applied to the decision of that question that will not be applied to it in any event by whatever court decides it? The only question in the case is whether the proposed use is a public use or a private use. No court could decide it on any other issue regardless of whether Section 28, Article I was specified or not.

Section 28, Article I, is a limitation on the power of the Legislature to authorize the taking of private property. There was no such provision in our original Constitution of 1820, but the same result was

reached without it on constitutional grounds. In Dickey v. Tennison, 27 Mo. 373, it was held that an act authorizing the taking of private property for private use was unconstitutional as hostile to the existence of private property, and contrary to the form of government established by the Constitution, without specifying any constitutional provision. However, ''the courts have denied the right to take private property for private use on the ground that it would deprive the owner of his property without due process of law.'' [29 C. J. S. 819, §29; 18 Am. Jur. 659, §34.] It was also early held, under the provision of our 1875 Constitution against taking private property for private use (now Sec. 28, Art. I), that the question of whether or not any use is a public use is one of law to be determined by the court and is not an issue for submission to a jury. [City of Savannah v. Hancock, 91 Mo. 54.] Therefore, we have a question of law and not a fact issue. By what law is this question to be decided? Must it not be decided on the construction of the fundamental law established by the Constitution? That is either on the construction of Section 28, or, if we had no such provision, of [383] the due process clause. Thus it would seem that the question of public use has always been recognized as a constitutional question. When this is the only question in the case, I cannot see how any Court can decide it except by a construction of the terms ''public use'' and ''private use'' as used in the Constitution. If there ever can be a case, in which there is an inherent constitutional question, I think this is it.

In Lohmeyer v. St. Louis Cordage Co., 214 Mo. 685, it held that there is an inherent constitutional question only ''where on the whole case some provision of the Constitution was either directly or by inexorable implication involved in the rendition of the judgment and decided against appellant.'' I would go further and say that it must be the sole question for decision in the case and that it must be possible, from the issues raised, to identify some provision of the Constitution which must be construed to decide the case. Under such conditions (and I think that is the situation herein) a constitutional question is raised by the issues presented for decision because the decision must depend upon a construction of a constitutional provision. I think the pleadings in the case raised a constitutional question inherently because the issue they presented could only be decided by, construction of Sec. 28, Art. I of the Constitution.

Thus we have a case where the defendant relied upon a constitutional provision (and I think sufficiently identified it) and the Court decided the case on the sufficiency of the petition to state a claim for taking property as against the challenge in the motion to dismiss that it showed on its face only a private and not a public use; and the plaintiff, taking the negative side of this constitutional question, lost and appealed, seeking to have us hold that its petition did sufficiently show a public use. [See Dye v. School District, 355 Mo. 231, 195

S. W. (2d) 874.] I think this record shows that the trial court did decide the case against plaintiff on its construction of a constitutional provision and that plaintiff is entitled to invoke our jurisdiction on the ground that the only question involved is this constitutional question.