In re OFF–STREET PARKING FACILI-
TIES, KANSAS CITY.

TRACT 10–A, Effie M. Cain, Owner, Tract
5–B, Daisy C. Moise, Owner,
Appellants,

v.

KANSAS CITY, Missouri, Respondent.

In the Matter of the Proceedings to Condemn
and Take Private Property for Public Use
for Off-Street Parking Facilities for the
31st and Troost District, and for the As-
sessment of Compensation and Benefits on
Account Thereof, under Ordinance of Kan-
sas City, Missouri, No. 17974, Passed June
25, 1954.

No. 44883.

Supreme Court of Missouri.

Division No. 1.

March 12, 1956.

William I. Potter, Kansas City, for ap-
pellants.

Benj. M. Powers, City Counselor, Her-
bert C. Hoffman, Associate City Counselor,
Kansas City, for respondent.

COIL, Commissioner.

The City of Kansas City instituted the in-
stant condemnation proceeding by filing in
the Jackson County Circuit Court a certi-
fied copy of Kansas City Ordinance No.
17974, passed on June 25, 1954, which pro-
vided that 27 parcels of real estate described
therein were "condemned and taken for
public use, as the location of off-street
parking facilities" and which further pro-
vided that just compensation for such pri-
vate property be assessed and paid as pro-
vided in Article VI of the Charter of
Kansas City and that proceedings therefor
be instituted in the Jackson County Circuit
Court. Also filed were a plat showing the
parcels of private property, the names of
the owners thereof, and an outline of the
"benefit district" specified in the ordinance.

A jury awarded Effie M. Cain, the owner
of tract 10–A (as described in the ordi-
nance), the sum of $1,750, and Daisy C.
Moise, the owner of tract 5–B, the sum of
$14,000, as the respective damages accruing
by reason of the condemnation of those two
parcels.

Effie M. Cain and Daisy C. Moise, pres-
ent appellants, filed their separate motions
to set aside the verdict in so far as it con-
cerned their respective awards. The Cain
motion alleged that: "Under the evidence
the City of Kansas City, Missouri proposes
to take not only tract 10–A, but also the
alley west of and adjoining said tract, the
east half of which is owned by her subject
to easement in favor [of] said city for
alley purposes; that ordinance No. 17974 of
said city in evidence, authorizing this con-

demnation proceeding, does not describe her property rights in said alley to be taken and the verdict does not award her compensation therefor."

And both the Cain and Moise motions alleged that Kansas City was without lawful authority to take tract 10–A or 5–B because the evidence showed that the property was improved and noncommercial and that Section 71.350 RSMo 1949 prohibited the condemning of improved noncommercial property for off-street parking facilities.

The trial court overruled both motions and entered judgment, the effect of which, so far as concerns present appellants, was that upon payment of the respective amounts awarded for parcels 10–A and 5–B Kansas City would have and hold in fee those parcels for public use for the purposes described in the ordinance above mentioned.

Effie M. Cain and Daisy C. Moise have appealed from that judgment and here contend that: Because the evidence showed that parcels 10–A and 5–B were improved, noncommercial parcels, Kansas City had no lawful authority or power to condemn those tracts and that the court therefore erred in holding that Kansas City made a submissible case and in overruling the motions to set aside the verdict as to those parcels. And appellants further contend that to permit Kansas City to take the parcels, under the circumstances above set forth, constituted a taking of appellants' property without due process of law.

It is at once apparent that, as respondent contends, this court does not have jurisdiction of this appeal.

Appellants contend that we do, on the grounds that the amount in dispute exceeds $7,500 and that title to real estate is involved.

■ There is no amount in dispute here. Appellants make no contention whatever

that the awards are inadequate. While, as noted, appellant Cain alleged in her motion to set aside the verdict that her award did not include compensation for the value of her interest in an alley, she makes no such contention here. That issue, if any, must be regarded as having been abandoned on this appeal. Heuer v. Ulmer, Mo., 273 S.W.2d 169, 170 [1], [2].

■ Title to real estate is not involved in a jurisdictional sense where an appeal in a condemnation proceeding involves the issue, as here, of the *right* of the condemner to take all or part of landowner's conceded title. City of St. Louis v. Butler Co., 358 Mo. 1221, 1224, 219 S.W.2d 372, 374–375 [2], [3]; Missouri State Oil Co. v. Fuse, 360 Mo. 1022, 1026, 232 S.W.2d 501, 503 [1].

No claim is made that there is any question involving the construction of either the state or federal constitution, and there is no such question. Appellants' reference to "due process" is simply to say that if Kansas City had no power to condemn for the stated purpose, then to permit it to condemn would be to take appellants' property without due process of law.

Inasmuch as this court has no jurisdiction of this appeal under Art. V, § 3, Mo. Const.1945, V.A.M.S., the case must be transferred to a court of appeals. It is, therefore, ordered that this case be transferred to the Kansas City Court of Appeals.

VAN OSDOL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.