**STATE of Missouri ex rel. STATE HIGH-WAY COMMISSION of Missouri, Appellant,**

**v.**

**Alphonse J. BARBEAU et al., Defendants, Joseph E. Ritter, Archbishop of St. Louis, Respondent.**

**No. 47346.**

Supreme Court of Missouri,

Division No. 1.

Jan. 11, 1960.

Robert L. Hyder, Minor C. Livesay, Jefferson City, for appellant.

Bernard J. Huger, Walter H. Pollmann, William O. Cramer, St. Louis, for respondent.

COIL, Commissioner

In November 1957 the State Highway Commission of Missouri filed a suit to condemn certain property for the purpose, in so far as here pertinent, of widening state highway 66 TR (McKenzie Road) in St. Louis County. One of the tracts proposed for condemnation was a strip of

ground about fifteen feet wide which was adjacent and parallel to the west line of McKenzie and which was the east fifteen feet of Resurrection (formerly New S. S. Peter and Paul) Cemetery, title to which admittedly was and is in Joseph E. Ritter, Archbishop of St. Louis. In December 1957 the court ordered the land condemned and appointed commissioners to assess damages. In January 1958 Archbishop Ritter filed an answer wherein he averred that the land in question was part of a tract which had theretofore been dedicated as a public cemetery and since had been continuously and exclusively so used and that the State Highway Commission had "no right, power or authority" to condemn land which had been dedicated to a public purpose for another public purpose. On the same day the Archbishop filed a motion to dismiss in which he averred that plaintiff's petition failed to state a claim or cause "recognizable at law." That motion was overruled January 20, 1958. On January 30 the commissioners' report was filed, and on February 5 plaintiff filed exceptions in so far as it awarded damages to Archbishop Ritter and requested a new appraisal. On February 14 the Archbishop filed exceptions and averred that the $28,-246.60 damages which had been assessed constituted inadequate compensation. On March 28, 1958, there was a "hearing" at which the attorney for the plaintiff objected to the Archbishop raising the question of the power and right of the Highway Commission to take the property on the grounds that the question had been raised too late and had been settled by the overruling of the motion to dismiss. The trial court overruled the objection and plaintiff adduced one witness "to show that this route has been determined by the Commission." The "matter" was taken under advisement and, after some intervening events which are not presently pertinent,

an entry of June 2, 1958, shows that the cause was submitted on stipulation filed and evidence adduced, and the court filed its memorandum stating that the cause had been "heard on stipulation filed and evidence adduced with reference to issues of fact raised by the answer of defendant Archbishop Ritter," and ordered plaintiff's petition dismissed as to defendant Ritter. On December 16, 1958, the mandate of this court permitting plaintiff to file a notice of appeal was received in the trial court, and on December 16 defendant filed a notice of appeal to this court.

Both parties here assert that jurisdiction is in this court because "title to real estate is directly involved." It has been specifically ruled, however, that title to real estate is not involved in a jurisdictional sense where an appeal in a condemnation case, as here, involves only the question of the right or power of the condemnor to take a landowner's conceded title. In re Off-Street Parking Facilities, Mo., 287 S.W.2d 866, 867[2]; City of St. Louis v. Butler Co., 358 Mo. 1221, 219 S.W.2d 372, 374 [2], [3].

There is no monetary amount in dispute; there is no constitutional question raised or briefed; there is no fact shown by the record which gives this court jurisdiction. Section 3, Article V, Missouri Constitution 1945, V.A.M.S.

It is therefore ordered that this case be transferred to the St. Louis Court of Appeals.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.